## STATE vs. MARK L. DAVIS.

*Criminal Law—Indictment—Bribery—Member of the Legislature— Common Law—Reasonable Doubt.*

1. Bribery of the kind charged in the indictment in this case is a crime not defined upon the statute books of this State, and under a general provision of our statute, resort must be had to the common law, not only for the definition of the crime, but also for the punishment.

2. Bribery at common law defined.

3. Whenever any man is arraigned before the bar of justice, the law clothes him first with the presumption of innocence, and it is therefore incumbent on the State to prove to the satisfaction of the jury, beyond a reasonable doubt, every material element of the crime charged.

4. Reasonable doubt defined.

5. In cases of doubt, good character avails. If the case is clearly and satisfactorily proved, good character avails nothing. If there be a doubt of guilt, arising out of conflict of testimony or other cause, then the fact that the accused has lived in a community for years, and in all of those years has consistently built up for himself a character for integrity, honesty and fair dealing, should clothe him with the presumption of innocence; where the scales of justice hang in balance, good character comes to solve the difficulty, tips the balance, and inures to acquittal.

(*May 2, 1899.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Robert C. White*, Attorney-General, and *Peter L. Cooper, Jr.*, Deputy Attorney-General, for the State.

*Herbert H. Ward* and *Walter H. Hayes* for the defendant.

Court of General Sessions, Kent County, April Term, 1899.

The defendant was indicted at this term for bribery.

The indictment contained three counts. The first charging "That Mark L. Davis, late of East Dover Hundred in the county

aforesaid, on the twenty-eighth day of February in the year of our Lord one thousand eight hundred and ninety-nine, with force and arms at East Dover Hundred, in the county aforesaid, unlawfully, wickedly and corruptly devising, contriving and intending to tempt, seduce, bribe and corrupt one Francis H. Lattomus, he, the said Francis H. Lattomus, then and there being a member of the House of Representatives of the State of Delaware and duly elected and qualified as such, and it then and there being the duty of the said Francis H. Lattomus as such member of the House of Representatives under the laws of the said State and under the laws of the United States to vote for some person for the office of United States Senator to serve in the Congress of the United States from the State of Delaware, to prostitute, abuse and betray his trust and violate his duty as a member of the said House of Representatives toward the good people of the said State, he, the said Mark L. Davis, did then and there wickedly and corruptly offer to the said Francis H. Lattomus a large sum of money, to wit, the sum of five thousand dollars, in order thereby corruptly to influence, induce, persuade and bribe him, the said Francis H. Lattomus, in his capacity and character of a member of the House of Representatives aforesaid, to vote for one John Edward Addicks for the office of United States Senator as aforesaid, to the great dishonor of the said Francis H. Lattomus, to the evil example of the good citizens of the said State, and against the form of an act of the General Assembly in such case made and provided and against the peace and dignity of the State."

The second and third counts charged that the money was offered to be given to Lattomus' wife, but no evidence was offered to support them.

LORE, C. J., charging the jury:

Gentlemen of the jury:—Mark L. Davis, the defendant, is charged in this indictment with bribery, with corruptly offering an

inducement to a fellow member of the Legislature to vote for a United States Senator.

This crime is not defined upon our statute books. Perhaps it speaks well for our little Commonwealth that heretofore the Legislature has not found it necessary to place upon the statute books of this State any definition of, or punishment for this crime specifically. We therefore go back to common law, not only for the definition of the crime but also for the punishment, under a general provision of our statute. The crime charged is a very grave one. Its very gravity, however, imposes upon you a like duty to carefully sift the evidence that you may reach a just conclusion.

At common law this offense is defined in the following language: "Bribery is generally defined to be the receiving or offering of any undue reward by or to any person whose ordinary profession or business relates to the administration of public justice, in order to influence his behavior in office and incline him to act contrary to the known rules of honesty and integrity. But it is also taken in a larger sense, and may be committed by any person in an official situation, who shall corruptly use the power and interest of his place for rewards or promises; and by any person who shall give or offer or take a reward for offices of a public nature; or shall be guilty of corruptly giving or promising rewards, in order to procure votes in the election of public officers. Thus it has been held bribery by the common law for a clerk to the agent for prisoners of war to take money in order to procure the exchange of some of them out of their turn; or for one to offer to a cabinet minister a sum of money to procure from the Crown an appointment to a public office; or, corruptly to solicit an officer of the customs, whose duty it was to seize forfeited goods, to forbear from seizing them; or, to promise money to a voter for his vote in favor of a particular ticket or interest in the election of city officers, or members of Parliament.

"The misdemeanor is complete by the offer of the bribe, so far as the offer is concerned. If the offer is accepted, both parties are guilty."—*3 Greenleaf on Evidence, Secs. 71 and 72.*

The indictment is framed upon the common law definition and contains three counts. The first count charges that the defendant corruptly offered this money to the prosecuting witness, Mr. Lattomus himself. The second and third counts charge that the money was offered to be given to Lattomus' wife; both of the last mentioned counts are out of the case, as there is no evidence to support them, and if you convict at all you cannot convict upon them. The first count charges that the defendant offered to pay the mortgage resting upon the farm of Mr. Lattomus, and upon that count alone can you convict in this case, if at all.

Taking the law as we have thus defined it, we come now to the matters upon which we have been asked to charge you by the respective counsel. We may first say to you that whenever any man is arraigned before the bar of justice, the law clothes him first with the presumption of innocence. Before this bar that garb of innocence rests presumptively upon every accused person. Therefore it becomes incumbent upon the State to prove to your satisfaction, beyond a reasonable doubt, every material element of the crime charged, and unless the crime has been so proved, and you are so satisfied, beyond a reasonable doubt, you may not convict. If you are so satisfied, beyond a reasonable doubt, it is your duty to convict.

A reasonable doubt is such as reasonable and prudent men ordinarily listen to, and such as controls their consciences so that they are unable clearly and honestly to reach a conclusion of guilt; such a doubt when founded on the evidence and not tainted with sentiment, passion or prejudice, should inure to the acquittal of the defendant; it has the sanction of both reason and law.

In cases of doubt, good character avails. If the case is clearly and satisfactorily proved, good character avails nothing. If there be a doubt of guilt, arising out of conflict of testimony or other cause, then the fact that the accused has lived in a community for years and in all of those years has consistently built up for himself a character for integrity, honesty and fair dealing, should clothe him with the presumption of innocence; where the scales of

justice hang in balance, good character comes to solve the difficulty, tips the balance, and inures to acquittal.

This is a case in which there are no new principles of law. It is a question of fact mainly to be determined by you, upon the evidence which you have heard, and of which you are the exclusive judges. If you are satisfied beyond a reasonable doubt of the guilt of the accused, you should by your verdict find him guilty ; otherwise, not guilty.

Verdict, not guilty.

