THE STATE OF DELAWARE, upon the relation of Percy Warren Green, Attorney-General, *v.* GEORGE J. GLENN.

(*February* 21, 1939.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Percy Warren Green,* Attorney-General, in *propria persona.*

*Josiah Marvel* and *William Marvel* for defendant.

Superior Court for New Castle County, No. 146, January Term, 1938.

SPEAKMAN, J., delivering the opinion of the Court:

This is a motion by the defendant to discharge the rule to show cause why leave should not be granted to file the information because as he contends this Court has no jurisdiction in that the secretary of the Department of Elections for the City of Wilmington is not a public officer.

This contention is denied by the relator.

■ "There is no doubt that the remedy by information may not be invoked for the redress of mere private grievances (*Spelling's Ex. Rem.*, §§ 1830, 1831), and can only be invoked when wrong has been done to the public. Hence it follows, if a wrong complained of be the usurpation of an office, it must be the usurpation of an office public in character, otherwise the people cannot be called upon in their sovereignty to petition for its redress." *Brooks v. State,* 3 *Boyce* 1, 79 *A.* 790, 796, 51 *L. R. A.* (*N. S.*) 1126, *Ann. Cas.* 1915*A,* 1133.

In considering the distinction between a public office and a mere employment it has been said:

"It is sometimes difficult to determine whether a position is an office or a mere employment. Generally speaking, and each case must necessarily depend upon its own facts, a state office embraces the right to exercise a state function or employment, and to take the fees and emoluments belonging thereto. It not only involves the conception of tenure, power, duration, oath, fees and emoluments but also the authority and duty to exercise some part of the sovereign power of the state either in making, administering or executing the laws of the State." *State v. Corley,* 6 *W. W. Harr.* (36 *Del.*) 135, 172 *A.* 415, 419.

■ It has been stated that "The oath, the salary or fees are mere incidents and constitute no part of the office." *Throop Public Officers, Section* 3. They may, however, be considered in doubtful cases in determining whether a position is an office or a mere employment. See annotation, 53 *A. L. R.* 602; 93 *A. L. R.* 337.

The phrases "public offices" and "public officers" have been defined in many ways, but in substance the various definitions of the respective phrases do not vary.

By *Section* 1 of *Meecham on Public Officers,* they are defined as follows: "A public office is the right, authority and duty, created and conferred by law, by which, for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. The individual so invested is a public officer."

The authorities hold, quite generally, that to a public officer there is granted some sovereign power or powers to be exercised by him for the benefit of the public and also that such officer is charged with the duty of exercising the power or powers granted to him.

By *Section* 12 (*Section* 1756, *Revised Code,* 1935) of the Act relating to the Department of Elections the said Secretary is authorized and empowered to administer oaths and affirmations to Registration Officers. Other than this he is not granted any power nor is he charged with any duty, either directly or indirectly, under the provisions of the Act.

Can it be said that by the Act any duty has been cast upon the Secretary of the Department of Elections which involves the exercise of some portion of the sovereign power of the State?

Surely the grant of a power to administer an oath is not the grant of an executive or legislative power of government, nor is it the grant of judicial power, as the administration of an oath by an officer is a ministerial and not a judicial act. *Betts v. Dimon,* 3 *Conn.* 107; *Lamagdelaine v. Tremblay,* 162 *Mass.* 339, 39 *N. E.* 38; *Golding's Petition,* 57 *N. H.* 146, 24 *Am. Rep.* 66.

Furthermore, while the Act confers authority, it imposes no duty upon the Secretary to administer the oath of office to any registration officer. The exercise of the au-

thority conferred on him is entirely optional with him. He could not be required by mandamus to act pursuant to such authority, nor could he be proceeded against for non-feasance in office for failure to act.

In view of the facts alleged in the information which for the purpose of the motion in this case are admitted to be true, and upon consideration of the pertinent provisions of the law we have reached the conclusion that the position of Secretary of the said Department of Elections is not a public office and for that reason an information in the nature of a *quo-warranto* is not the proper remedy by which to determine the respective claims of the parties in interest.

The rule will be discharged.