STATE *v.* ALFRED J. P. SEITZ.

(*May* 24, 1940.)

RODNEY and SPEAKMAN, J. J., sitting.

*Clair John Killoran* and *Thomas Herlihy, Jr.,* Deputy Attorneys-General, for the State.

*Francis Reardon* and *Abraham Hoffman* for the defendant.

Court of General Sessions for New Castle County, Indictment for malfeasance in office, No. 69, May Term, 1940.

RODNEY, J., charged the jury, in part, as follows:

The defendant, Alfred J. P. Seitz, has been indicted by the grand jury of this county for an offense known as "Malfeasance in office." There is no specific statute dealing in detailed terms with the offense of malfeasance in office, but there are many offenses at the common law for which no specific statute exists. By *Sec.* 5180, *Revised Code of Delaware,* 1935, it is provided "assaults, batteries, nuisances, and all other offenses indictable at common law, and not specially provided for by statute, shall be deemed

misdemeanors, and shall be punishable" as the law directs. This indictment is framed under the quoted section.

Malfeasance in office may generally be defined to be the wrongful or unjust doing of some official act which the doer has no right to perform, accompanied by some evil intent or motive, or where it is done with such gross negligence as to be equivalent to fraud.

The indictment in the present case consists of six counts, but it is agreed that under the second count no testimony has been presented, and that count will not be considered by you.

[The court then briefly reviewed the charges in the different counts which, by varying language, and by the citation of 16 specific cases, charged that the justice had (1) unlawfully received payment of fines imposed by him, (2) unlawfully remitted fines after said fines had been paid, and (3) unlawfully misappropriated said fines.]

We have thus given you the contentions of the State. These are given merely as contentions and with no expression or indication on our part as to whether or not these contentions have been at all supported by the evidence.

The defendant denies that he is guilty of any offense. He denies that he has acted unlawfully or corruptly. He has introduced evidence with reference to all or some of the specific cases relied upon by the State, and this evidence was offered as having a tendency to show the innocence of the defendant in connection with these transactions.

We call your attention to two statutes of this State. *Section 4459, Revised Code of Delaware,* 1935, under the title of "Justice Of The Peace," provides:

"He [the Justice] shall, in no case, receive a fine, or costs, imposed by him; but upon imposing any fine, he shall charge a constable present with the defendant, and enter the constable's name on his docket, and if the fine and costs be not paid, the constable shall con-

vey said defendant to jail, for which a copy of the judgment shall be a sufficient warrant."

*Section 5683, paragraph (d), Revised Code of Delaware,* 1935, in speaking of fines imposed for violation of law relating to motor vehicles, provides, *inter alia,*

"* * * Such fines, penalties and forfeitures shall be collected as other fines, penalties and forfeitures are collected under the laws of this State, and the officers collecting same shall make a monthly report thereof to the State Treasurer on blanks to be furnished for that purpose by the State Highway Department."

We say that so long as those statutes remain in their present form no Justice of the Peace has a right to receive a fine which has been imposed by him. He is the judge, and by the express terms of the statute is prohibited from personally collecting the fines.

■ The defendant does not deny that he has personally collected some of the fines, but he contends that it was necessary so to do because, the arrests being made by highway police, no constable was present, and the defendant presented evidence, in the nature of a custom, of the similar practice and procedure of other Justices of the Peace over a long period of years.

This testimony has been admitted by us, but because we are unwilling to hold that a direct violation of the statute may be excused by a series of other acts by former officials, we now give you the real basis of our ruling in the admission of this testimony.

■ Malfeasance in office is, as we have seen, the wrongful or unjust doing of some official act which the doer had no right to perform.

And yet we think the true rule is and always must be that in order to constitute malfeasance in office the true motive or intent with which the defendant acted must be considered. If the act was done with a dishonest, oppressive or corrupt motive, and under these fear and favor may

be considered as elements, then malfeasance must result. If, however, the act proceeded from honest mistake or error, then unusual circumstances must accompany the transaction to constitute the offenses of corrupt or wilful malfeasance.

We say to you that a Justice of the Peace after a fine has been legally imposed by him, and after the fine has been paid by the defendant, has no further jurisdiction over the matter and no future power to remit the fine. This is true both because by the payment of the fine by the defendant the judgment has been satisfied and there remains no jurisdiction in the justice, and the lack of power is also shown by the statutes hereinbefore mentioned which, by their plain intendment, take from the justice any further control of the fines after their imposition by him, and this is expressly true after payment of the fines.

It has been determined in this State that when a justice has entered a judgment in his docket and it is a complete record in itself, there exists in him no further power to alter or to change it.

In order to make the matter more clear to you we have divided the specific charges against the defendant into their several and distinct groups. We are treating the charge of receipt of fines by the justice and the remission of fines by him in one group, and charges of misappropriation of fines in another and distinct group.

1. If you should find from the evidence that the defendant did either (a) Remit fines which he had theretofore imposed upon a defendant, after the fine had been paid by such defendant, or (b) That the justice personally collected the fines imposed by him and did not charge a constable with the collection of such fines, then in either of these cases you must further consider the intent or motive with which the act was committed. If you should find

that either the fines were collected by the justice or that they were remitted, and if you should further find that these acts, or either of them, were accompanied by an evil intent or corrupt motive, then we say that such acts would constitute malfeasance in office, and if you should find such facts beyond a reasonable doubt, then your verdict should be "Guilty."

If, however, you should find that fines were remitted or collected by the justice without warrant of law, but that the defendant in doing so did not act with any evil intent or corrupt motive, then we say no malfeasance in office would have been committed, and as to this charge your verdict should be "Not guilty."

2. We say to you that if you should find from the evidence that this defendant received fines from any defendants in cases tried before him, and misappropriated such fines to his own use, then we say to you that such fact would constitute malfeasance in office, and this is so whether or not the fines might, on the dockets or otherwise, be marked "remitted." If fines were received by the justice, then appropriation of such fines to anyone other than to the person himself who had paid such fine, or to the proper and legal officer authorized to receive them, would be a misappropriation, and constitute malfeasance in office, for where money is received by an officer under color of his office there can be no doubt as to his legal obligation to properly account therefor.

It is, of course, not necessary that the State should prove all of the counts of the indictment or all of the individual cases embraced within any count. It is sufficient if the State should prove beyond a reasonable doubt any alleged instance of a collection or remission of a fine with an evil intent or corrupt motive, or any one instance of a fraudulent misappropriation of a fine, by the justice.

Before a conviction can be had, however, it is necessary that the State shall have proved to your satisfaction at least one of these particulars mentioned by me, viz., either a receipt of a fine or remission of a fine with an evil intent or corrupt motive, or of a misappropriation of a fine actually received by the justice, and that such proof shall have been beyond a reasonable doubt.

[The court also charged on evidence of good reputation, conflict of testimony, presumption of innocence and reasonable doubt.]