O. RAYMOND MARTIN, Plaintiff, v. LEWIS TRIVITTS, EDWARD C. MORRIS and ELMER DICKERSON, constituting the Department of Elections of Sussex County, and JOHN C. LANK, Defendants.

(*March* 24, 1954.)

HERRMANN, J., sitting.

*Samuel R. Russell* (of Tunnell and Tunnell) for the plaintiff.

*Frederick P. Whitney* for the defendants.

Superior Court for Sussex County, No. 265, Civil Action, 1953.

HERRMANN, J.:

This is an action for a declaratory judgment.

On February 1, 1952, the plaintiff was elected Secretary of the Department of Elections of Sussex County. On March 12, 1953, the plaintiff was discharged by the Department and the defendant Lank was elected Secretary in his place. By this action, the plaintiff seeks the declaration of this Court that the election of Lank was invalid, that the plaintiff should be reinstated as Secretary and that the plaintiff is entitled to recover from Lank all compensation received by Lank as Secretary.

The defendants move to dismiss the complaint on the ground that title to the post of Secretary of the Department of Elections should be tried in a *quo warranto* proceeding brought by the Attorney General on behalf of the State and that, therefore, the Court does not have jurisdiction to grant, and the plaintiff does not have the standing to seek, a declaratory judgment in this case.

The defendants' argument may be accepted only if. a public office is involved in this controversy. See *State ex rel. Green v. Glenn,* 9 *W. W. Harr.* 584, 4 *A.* 2d 366; *Marshall v. Hill,* 8 *Terry* 478, 93 *A.* 2d 524; *Brooks v. State ex rel. Richards,* 3 *Boyce* 1, 79 *A.* 790, 51 *L. R. A., N. S.,* 1126. I am of the opinion that the position of Secretary of the Department of Elections of Sussex County is not a "public office" within the recognized meaning of the term as used in the law governing *quo warranto* proceedings.

The following provisions of the Statute, relating to the Department of Elections, are particularly pertinent:

15 *Del. C.* § 109 provides:

"In New Castle County on the fourth Monday in April in each odd-numbered year, and in Kent and Sussex Counties on the fourth Tuesday in January in each even-numbered year, the members of each Department shall meet and organize by electing one of their members to be president. They shall at the same time elect a secretary. The terms of office of the president and secretary shall be until the date prescribed by this section for holding the next regular organization meeting."

15 *Del. C.* § 112 provides:

"(a) Each Department shall fix the salary of its secretary, subject to the limitations of subsection (b) of this section.

"(b) In New Castle County, the salary of the secretary shall not be less than $3,000 per year. In Kent and Sussex Counties the salaries of the respective secretaries shall not exceed $2,500 per year."

15 *Del. C.* § 114 provides:

"Each Department may employ such assistants as it may deem necessary for the performance by the Department of its duties. The duties of such assistants shall be prescribed and their compensation fixed by the Department employing them."

The distinction between a public office and a public employment was considered by this Court in *State ex rel. Green v. Glenn, supra* [9 *W. W. Harr.* 584, 4 *A.* 2d 367]. In that case, it was held that the Secretary of the Department of Elections for the City of Wilmington, as then constituted under an earlier Statute, was not a public officer. The test applied by the Court in reaching that conclusion was this:

"Can it be said that by the Act any duty has been cast upon the Secretary of the Department of Elections which involves the exercise of some portion of the sovereign power of the State?"

When applied to the Statute here involved, the foregoing question must be answered in the negative. No specific powers or duties, sovereign or otherwise, are vested by the Statute in the Secretary of the Department of Elections. Except for the provisions of 15 *Del. C.* § 114, providing for the employment of such assistants as may be deemed "necessary for the performance by the Department of its duties" and the prescription of their duties by the Department, the Statute is completely silent as to the powers and duties of the Secretary. A position, the duties of which are undefined by law and which can be changed at the will of the superior, is not a public office but a mere public employment. In order to constitute a public office, and the incumbent a public officer, it is necessary that the powers and duties of the position be conferred and defined by law. See 67 *C. J. S.*, Officers, § 5, page 114.

The members of the Department of Elections are, of course, public officers. They may delegate ministerial powers and duties to the Secretary but their sovereign powers and duties, involving the exercise of discretion and judgment for the public welfare, may not be properly delegated. Accordingly, the statutory sovereign powers and duties of the members of the Department may not be said to become the powers and duties of the Secretary by virtue of 15 *Del. C.* § 114.

Since the Secretary of the Department of Elections is a public employee and not a public officer, it is held that an information in the nature of a *quo warranto* is not a proper remedy by which to determine the claim of the plaintiff in this case.

Accordingly, the motion to dismiss the complaint will be denied.