THE STATE OF DELAWARE v. JOSEPH L. WALLACE and EDWARD S. ROVNER.

*(May* 3, 1963)

DUFFY, P.J., sitting.

*E. Norman Veasey* and *W. Laird Stabler, Jr.,* Deputy Attys. Gen., for the State.

*Emmett J. Conte, Jr.,* for defendant, Joseph L. Wallace.

*Gerald Z. Berkowitz,* for defendant, Edward S. Rovner.

Superior Court of Delaware, For New Castle County. No. 293 Criminal Action 2962.

DUFFY, President Judge, charging the Jury:

Ladies and Gentlemen of the Jury, the defendants, Joseph L. Wallace and Edward S. Rovner, are charged with six offenses. You will have with you in the Jury Room the indictment specifying these six offenses. Counts 1, 3, 4 and 6 charge offenses by the defendant Wallace; Counts 2, 3, 5 and 6 charge offenses by the defendant Rovner.

Specifically, the defendant Wallace is charged with: Solicitation of a Bribe, Malfeasance in Office, and two counts of Conspiracy.

The defendant Rovner is charged with: Accomplice to Solicitation of a Bribe, Accomplice to Malfeasance in Office, and two counts of Conspiracy.

The defendants deny completely and entirely that they are guilty of the offenses which have been charged against them.

I have referred to the contentions of the parties. You must keep in mind that the Court states them as contentions or claims only. You must be guided solely by your own recollection of the evidence. This is so because, under our law, you are the sole and exclusive judges of the facts of the case, of the credibility of the witnesses, and of the weight and the value to be given to their testimony.

It is not proper for the Court to comment on the testimony; it is the Court's duty to instruct you on the law to be applied to the facts, as you find the facts.

First, I will consider the charges relating to bribery or solicitation of a bribe. The first three counts in the indictment refer to this subject.

Bribery is generally defined to be the receiving, or offering, of any undue reward by or to any person whose ordinary profession or business relates to the administration of public affairs, in order to influence his behavior in office, and to act contrary to the known rules of honesty and integrity. It is committed by any person in an official position who corruptly uses the power and interest of his place for rewards or promises. *State v. Davis,* 18 Del. 139, 2 *Pennewill* 139, 45 A. 394 (1899); 8 Am.Jur., Bribery, Sec. 2.

Bribery requires a criminal intent; the intent must be to influence, corruptly, an official in the discharge of his duty. 8 Am. Jur., Bribery, Sec. 6.

Count 1 of the indictment charges that the defendant Wallace solicited a bribe. Specifically, it is charged that in this County, from on or about October 1, 1961, to on or about April 5, 1962, he unlawfully solicited a bribe from Wilmington Renewal Associates, Inc., and its agents, Lester C. W. Harris, Jr., and Leon N. Weiner. It is charged that this was done personally and through an accomplice, the defendant

Rovner, for the purpose of influencing his official favor with respect to a proposal submitted by Wilmington Renewal Associates in connection with Poplar Street Project A, and which was subject to action by the Wilmington City Council. Wallace was a Council member.

■ It is charged that the defendant, Wallace, solicited a bribe. Solicitation in the sense here used means the asking, or enticing, or requesting of another to commit a crime—that is, in this case, to commit the crime of bribery. Black's Law Dictionary (4th Ed.1957) p. 1564.

■ To constitute the crime of solicitation of a bribe, it is not necessary that the act be actually consummated, that is, that a bribe be received, or that the defendants profited thereby. It is sufficient if a bribe was actually solicited.

■ If you find that the defendant Wallace, while an elected member of the Wilmington City Council, either personally or through an accomplice, under the circumstances alleged in the indictment, *State v. Seitz,* 40 Del. 572, 1 *Terry* 572, 14 A.2d 710 (1940), solicited a bribe, as I have defined that crime to you, then your verdict should be, "Guilty as to Count 1."

On the other hand, if you do not so find, or if you are not so satisfied beyond a reasonable doubt, then your verdict should be, "Not Guilty."

If you find the defendant Wallace not guilty as to this first count, then you must acquit both defendants of all remaining charges. On the other hand, if you find that the defendant Wallace is guilty as to Count 1, then you must go on and consider the remaining charges.

As to the defendant Rovner, under Count 2 of the indictment, he is charged with being an accomplice to solicitation of a bribe. Briefly, it is charged under this second count that the defendant Rovner unlawfully aided and abetted the defendant Wallace in soliciting the bribe which is referred to in the first count of the indictment.

There is a statute of this State, 11 *Del. C.* Sec. 102(c), which provides as follows:

"Whoever aids, abets, procures, commands or counsels any other person to commit a crime or offense against the State is an accomplice and is guilty of the same crime or offense as the principal."

If you find that the defendant Rovner did aid, or abet, the defendant Wallace in the commission of the crime of soliciting a bribe, as alleged in the indictment, then in that case your verdict should be, "Guilty as to Count 2."

On the other hand, if you do not so find, or if you have a reasonable doubt concerning this defendant's guilt, as to Count 2, your verdict should be, "Not Guilty."

I turn now to Count 3 of the indictment which charges both of the defendants, Rovner and Wallace, with a conspiracy to solicit a bribe. Briefly, it is charged that both defendants unlawfully conspired to solicit the bribe which I referred to in connection with the first two counts of the indictment.

A conspiracy is the combination of two or more persons to do an unlawful act or a lawful act by unlawful means with unity of design and purpose. The gist of the conspiracy is the unlawful combination between the parties. No formal agreement between the parties to the conspiracy charged is necessary. It is sufficient that the minds of the parties meet understandingly, so as to bring about a deliberate agreement to do the acts and commit the offense charged. Conspiracy implies concert of design, but not participation in every detail necessary to carry the general purpose, or design into execution. Although the common design is the essence of the charge, it is not necessary to prove that the defendants came together, and actually agreed in terms to have that design and to pursue it by common means. If it be proved that the defendants pursued, by their acts, the same object, often by the same means, one to perform it, and one to the view to attain the same object, the Jury will be justified in the conclusion

that they were engaged in a conspiracy to effect that object. A conspiracy may be shown by either direct evidence or it may be shown by circumstantial evidence.

If you find that the defendants Wallace and Rovner engaged in an unlawful conspiracy, as I have defined that term to you, to solicit a bribe as charged in the indictment, then your verdict should be, "Guilty as to Count 3."

On the other hand, if you do not so find, or if you have a reasonable doubt concerning the guilt of the defendants with respect to Count 3, your verdict should be, "Not Guilty."

The first three counts in the indictment referred to solicitation of a bribe.

The next three counts refer to a charge of malfeasance in office. Count 4 relates to the defendant Wallace and charges that he was guilty of malfeasance in office while he was an elected member of the Wilmington City Council. Very briefly, it is charged that from on or about October 1, 1961, to on or about April 5, 1962, he unlawfully and for his own pecuniary gain, personally and through an accomplice, solicited a bribe from Wilmington Renewal Associates and its agents, Messrs. Harris and Weiner, in order to influence his, that is, Wallace's official actions as a member of the City Council.

██ ██ Malfeasance in office is generally defined to be the wrongful or unjust doing of some official act which the doer has no right to perform, accompanied by some evil intent or motive. The crime pertains to the illegal acts of a public officer in the exercise of the duties of his office. A public officer who commits any breach of trust in relation to his official duties is guilty of malfeasance in office. *State v. Seitz,* supra; *State v. Weleck,* 10 N.J. 355, 91 A.2d 751 (1952); Clarke & Marshall, Crimes (5th Ed. 1952) Sec. 444, pp. 637–639; 2 Brill Cy. of Cr. Law (1923) Secs. 1188–1191.

██ If the alleged act or acts were done by the public officer

with a dishonest, oppressive or corrupt motive, and under these fear and favor may be considered as elements, then malfeasance must result. *State v. Seitz,* supra. A public officer is guilty of malfeasance in office if he accepts or offers to accept, any money or other benefit calculated in any way to influence his official actions. It is not necessary that any improper act on the part of the officer should follow. It is enough if he corruptly agrees to open himself to improper influence. 2 Wharton's Criminal Law (1st Ed.) Sec. 1900.

If you find that the defendant Wallace, while an elected member of the Wilmington City Council, engaged in the conduct alleged in Count 4 of the indictment, and if you find that such conduct amounted to malfeasance in office, as I have tried to define that phrase to you, then your verdict should be, "Guilty as to Count 4."

On the other hand, if you are not so satisfied or if you have a reasonable doubt, then, as to Count 4, there must be a verdict of, "Not Guilty."

The Court then charged on the remaining counts and on circumstantial evidence, conflicts in the testimony, presumption of innocence and reasonable doubt.