WILLIAM H. KING, Appellant, v. STATE OF DELAWARE, Appellee.

(*July* 17, 1964.)

TERRY, C. J., and WOLCOTT and CAREY, J. J., sitting.

*John M. Bader* and *John Biggs, 3d,* of Bader & Biggs, for appellant.

*Thomas Herlihy, 3d,* Chief Deputy Atty. Gen., for appellee.

Supreme Court of the State of Delaware, No. 19, 1964.

TERRY, Chief Justice:

On March 5, 1963, defendant was indicted by the

Grand Jury of New Castle County for attempted bribery in violation of 11 *Del. C.* § 105. Specifically, the indictment charges that the defendant endeavored to bribe the Deputy Insurance Commissioner of this State. Following the trial, the defendant moved to dismiss the indictment upon the grounds that Article II, Section 22 of the Delaware Constitution, *Del. C.*, prempts 11 *Del. C.* § 105 and since no penalty is attached for a violation of the constitutional provision, prosecution for the crime is constitutionally impermissible.

Article II, Section 22 of the Constitution of this State provides:

"Every person who shall give, offer or promise, directly or indirectly, any money, testimonial, privilege, personal advantage or thing of value to any executive or judicial officer of this State or to any member of either House of the General Assembly for the purpose of influencing him in the performance of any of his official or public duties shall be deemed guilty of bribery, and shall be punished in such manner as shall be provided by law."

▇▇ In view of our disposition of the constitutional question, we feel it unnecessary to decide whether or not the Deputy Insurance Commissioner is within the class denominated by the term executive officer. See, however, *Singh v. Superior Court*, 44 Cal.App. 64, 185 P. 985 (1919). It is clear that the very essence of a proper definition of the term crime includes the concept of a punishment for violation of the statutory or constitutional standard, and the failure of the law-giving body to provide punishment for the violation of a constitutional or statutory norm requires the dismissal of a criminal indictment predicated upon violation of such standard. As stated by the Supreme Court of California:

"A description, definition, and denouncement of acts

necessary to constitute a crime do not make the commission of such act or acts a crime, unless a punishment be annexed, for punishment is as necessary to constitute a crime as its exact definition." Ex Parte Ellsworth, 165 Cal. 677, 133 P. 272, 274 (1913).

At common law, bribery and attempted bribery were indictable offenses. See 3 Wharton, Criminal Law (12th Edition) Section 2234, and Perkins, Criminal Law, Page 398. At the time of the enactment of the Constitution of 1897, the predecessor of 11 *Del. C.* § 105, preserving prosecution and/or punishment for common law crimes, was part of the statutory law of the state. 11 *Del. C.* § 105 provides:

"Whoever commits or is guilty of an assault, battery, cheat, conspiracy, nuisance or any other offense indictable at common law for which punishment is not specifically prescribed by statute shall be fined in such amount, or imprisoned for such term, or both, as the court, in its discretion, may determine."

It should be noted that this statute, is applicable by the very terms of its language, to those common law crimes "for which *punishment* is not specifically prescribed by statute." (Emphasis added) Therefore, at the time of the constitutional convention, the authors of the constitutional clause in question, being aware of the existence of this statute, knew that it would apply to provide punishment upon the failure of a law to provide punishment for the acts denounced by the terms of the statute.

This conclusion is reinforced by a reading of Article V, Section 7 of the Constitution of 1897 which denounces the bribery of a voter at any general, special, or municipal election or at any primary election, convention, or meeting held for the purpose of nominating candidates.

This constitutional provision does contain specific penalties for violation of the constitutional mandate. The offense denounced by Article V, Section 7, does not represent common law bribery and, therefore, the framers of the Constitution presumably knew that the predecessor of 11 *Del. C.* § 105 was not available to provide the requisite punishment. Accordingly, the constitutional authors provided such punishment within the body of Article V, Section 7 itself.

Defendant, however, contends that Article II, Section 22, represents a constitutional declaration that the bribery of the officials enumerated within that section is a "more serious" crime than common law bribery. The thrust of this argument apparently is a contention that the authors of the Constitution expected more serious penalties to be attendant upon violation of this section. In the first place, if such were the constitutional purpose, such penalties could easily have been added by the authors of the Constitution as was done, as noted above, in Article V, Section 7. In the second place, since the governing common law statute at that time did not provide for any maximum penalties, the authors of the Constitution presumably were aware that the court had adequate discretionary power to impose appropriate sentences.

In the third place, the constitutional purpose is equally explainable by reference to Article II, Section 21 of the Constitution, which provides:

"No person who shall be convicted of embezzlement of the public money, bribery, perjury or other infamous crime, shall be eligible to a seat in either House of the General Assembly, or capable of holding any office of trust, honor or profit under this State."

Therefore, it appears reasonably clear that the

constitutional purpose in specifically denouncing bribery was an intention that mere legislative action would be insufficient to remove it from the sphere of criminal activity and that, upon conviction of such crime the accused would be disabled from holding public office. No specific penalty was attached because of the convention's awareness that such penalty was already available. If such were not the case, the constitutional authors have shown they were competent to attach such a specific penalty.

In *State v. Davis*, 2 Pennewill 139, 18 Del. 139, 45 A. 394 (1899), the court allowed prosecution under the predecessor of 11 *Del. C.* § 105 for attempted bribery of a member of the State Legislature, clearly within the class denominated by Article II, Section 22 of the Constitution. The Davis decision occurred two years after the enactment of the Constitution of 1897.[1]

Defendant, however, contends that the decision of this court in *Shellhorn & Hill, Inc. v. State*, 187 A.2d 71 (1962) requires dismissal of the indictment. In Shellhorn, we held that Article I, Section 9 of the Constitution was not an absolute waiver of sovereign immunity and required specific legislative enabling action. Article I, Section 9, provides, inter alia:

"Suits may be brought against the State, according to such regulations as shall be made by law."

The Shellhorn decision was predicated upon the finding that sovereign immunity, as a common law doctrine, was accepted by our original Constitution and, accordingly, subsequent legislative enabling action was required to remove this doctrine since the constitutional requirement

---

[1]Judge Spruance, one of the Judges who sat in the case of *State v. Davis*, had been a member of the Constitutional Convention.

specifically required legislative action to remove the impediment of sovereign immunity. In the instant case, however, indictment prosecution, and punishment for the crime denounced by Article II, Section 22 had clearly preceded, in the common law, the enactment of the Constitution of 1897. Contrary to Shellhorn, no subsequent legislative enabling action was required since there was no pre-existing impediment.

■ In any event, in light of *State v. Davis,* and the subsequent re-enactment of 11 *Del. C.* § 105 and its immediate predecessors, the legislature has clearly acted upon this question in view of the presumption that re-enactment of a statute presumably considers prior changes or interpretations of constitutional or statutory law. See *State v. Brown,* 195 A.2d 379 (Del.Supreme Court, 1963).

Accordingly, the decision of the lower court denying the motion to dismiss the indictment is affirmed.