**Marie K. WHARTON, Plaintiff,**

v.

**Belle S. EVERETT, as State Treasurer and Pension Administrator of the State of Delaware, Defendant.**

Superior Court of Delaware.

Kent.

March 7, 1967.

Harold Schmittinger, Schmittinger & Rodriguez, Dover, for plaintiff.

Henry R. Horsey, Asst. Deputy Atty. Gen., Dover, for defendant.

OPINION

McNEILLY, Judge.

This is a petition for a Writ of Mandamus compelling Belle S. Everett, as State Treasurer and Pension Administrator of the State of Delaware to commence payment of survivor's pension benefits under the pension laws of the State of Delaware. Defendant has answered the petition and plaintiff has moved for judgment on the pleadings contending that there is no issue of material fact raised by the pleadings and that plaintiff is entitled to the requested relief as a matter of law. Defendant agrees there is no issue of material fact but denies that plaintiff is entitled to the requested relief.

Plaintiff is the surviving spouse of Dauphin D. Wharton, who died on September 8, 1948. The deceased Dauphin D. Wharton was employed as a State Detective in the State of Delaware Attorney General's office from December 18, 1919 until December 18, 1939, at which time he was involuntarily severed from said employment. During this period of employment as State Detective he received a regular salary from the State Treasury. From on or about May 1, 1941 until he died on September 8, 1948, Mr. Wharton, by Certificate of Appointment of Governor Walter W. Bacon served as a member of the Industrial Accident Board of the State of

Delaware. For his services in this capacity he received an annual salary payable in monthly installments.

On April 24, 1945, some three years before Mr. Wharton's death, Delaware adopted its first Pension Law. 45 Laws of Delaware, Chapter 104, now found in 29 Delaware Code, Chapter 55, as amended. The general purpose of the Law was to provide (1) retirement benefits for certain State employees and (2) disability benefits to such employees who were disabled after completing at least 25 years of "covered employment." With respect to the retirement benefits of the Law, with which we are concerned in the instant case, the Law required the employee to:

"* * * be in covered employment on the date of retirement and * * * have served in covered employment for at least fifteen years during the period that ends on the date of retirement and that includes no interruption from continuous covered employment except allowable interruptions aggregating not over five years * * *" (Section 3 of 45 Laws of Delaware, Chapter 104).

Section 3 defined "covered employment" as meaning employment in which an "employee" of the State receives "a regular salary" wholly or in part from the State; and also that service of an "employee" prior to April 24, 1945, the effective date of the Law, could be included in determining the qualification of the employee of "covered employment." The same Section provided that involuntary severance of employment was an allowable interruption; and under Section 4 of the Law allowable interruptions could extend to but not beyond an aggregate of five years between periods of "covered employment."

In 1947 the original Pension Law was extensively rewritten and in particular Section 3 thereof. The most significant change in the Law so far as its bearing on this case is concerned was the addition of the following new paragraph at the end of Section 3 as originally adopted in 1945:

"This Section shall be construed to include those State employees who were regularly employed on a full time or annual basis, but whose compensation prior to the enactment of this legislation may have been computed and paid on an hourly or weekly basis. Proof of length, regularity and continuity of the service of such employees shall be determined by the records of the Department or Agency under which they have served."

From 1947 until Wharton's death on September 8, 1948 the State Pension Law remained unchanged.

Plaintiff's standing as the surviving spouse of Wharton to seek benefits under the Pension Law first arose as a result of legislation in 1961. 53 Laws of Delaware, Chapter 64, approved May 24, 1961 amended 29 Delaware Code, Chapter 55 by adding a new Section 5529 to provide as follows:

"The surviving spouse of any employee who has died after having served in covered employment for at least 15 years and who was in covered employment at the time of his death, shall, until the death or remarriage of such surviving spouse, receive a pension equal to one-half the amount which the employee was or shall be entitled to receive if he had retired on the day of his death."

To qualify for pension benefits Plaintiff must show that her deceased husband (1) had 15 years of "covered employment" and (2) was in "covered employment" at the time of his death. It is the State's position that Wharton, though a member of the Industrial Accident Board for which he was receiving annual compensation in the form of a regular monthly salary, was not in "covered employment" at his death in 1948. It is the Plaintiff's position, on the other hand, that she qualifies for pension benefits under both requirements.

It is the opinion of this Court that the State's position is well taken, and that Plaintiff's husband was not in "covered employment" at any time on or after April

24, 1945, the effective date of the basic Pension Law under which Plaintiff makes her claim.

■■ Members of boards or commissions in this State, unless provided for otherwise by legislation, are not employees in the usual sense of the word or within the meaning of the Pension Law. Historically they have been regarded as public officers and not public employees.

The basis for this conclusion was stated by Chief Justice Layton speaking for the Court In Banc in the case of State ex rel. Biggs v. Corley, 6 W.W.Harr. 135, 36 Del. 135, 172 A. 415, 419.

"It is sometimes difficult to determine whether a position is an office or a mere employment. Generally speaking, and each case must necessarily depend upon its own facts, a state office embraces the right to exercise a state function or employment, and to take the fees and emoluments belonging thereto. It not only involves the conception of tenure, power, duration, oath, fees and emoluments but also the authority and duty to exercise some part of the sovereign power of the state either in making, administering or executing the laws of the State. * * * Applying these tests to the offices in question, it is apparent that the office of member of the Board of Fish and Game Commissioners (Rev. Code 1915, § 2358), is an office under this state. This office has term, salary and expenses. Bond and oath of office are required (section 2359). The Board has the management of all matters relating to the protection of game and fish. It appoints wardens and other officers, issues licenses for hunting and fishing, and the members have authority to arrest without warrant for all violators of the game and fish laws.

Likewise, the office of Collector of State Revenue (Rev. Code 1915, § 275) is an office under this state. The term is four years. The salary is not unsubstantial, and a contingent fund for his expenses is provided. His duty is to investigate statements and returns filed by persons, firms and corporations which furnish a basis for the determination of license fees.

The office of Secretary of the State Board of Charities (chapter 64, vol. 30, Laws of Del.) is not an office under this state. This position has no term. The statute requires no bond, and no powers and duties are placed upon the holder. The duties are secretarial, and are such as the Board may direct him to perform. It is apparent that the position is an uncertain and indefinite employment by a state board, and though the duties are of a public or quasi public nature, it is not an office."

It was further stated in the case of State ex rel. Green v. Glenn, 9 W.W.Harr. 584, 39 Del. 584, 4 A.2d 366 (1939) the following language appears:

"It has been stated that 'The oath, the salary or fees are mere incidents and constitute no part of the office.' Throop Public Officers, Section 3. They may however, be considered in doubtful cases in determining whether a position is an office or a mere employment."

For annotations on this general subject see 53 A.L.R. 5595; 93 A.L.R. 333; 140 A.L.R. 1076 and 5 A.L.R.2d 415.

By reason of the foregoing Plaintiff's complaint praying that a peremptory Writ of Mandamus be issued is hereby denied

It is so ordered.