Frank J. RADUSZEWSKI, Petitioner,

v.

SUPERIOR COURT of the State of Delaware
IN AND FOR NEW CASTLE COUNTY
and the Honorable John J. McNeilly, sitting
as Judge of said Court, Respondent.

Supreme Court of Delaware.

July 12, 1967.

Stanley William Balick, Wilmington, for petitioner.

Jay H. Conner, Deputy Atty. Gen., Wilmington, for respondent.

WOLCOTT, C. J., and CAREY, and HERRMANN, JJ., sitting.

**96**

WOLCOTT, Chief Justice:

This is a Petition for a Writ of Prohibition to prevent the Superior Court from proceeding to trial upon two indictments containing three counts.* The three counts charge the petitioner, under 11 Del.C. § 105, with the common law offenses of misfeasance, malfeasance, and conspiracy to commit misfeasance. This statute provides generally for punishment of common law crimes for which no specific statutory punishment exists. Steele v. State, 2 Storey 5, 151 A.2d 127.

The petitioner at the times in question was employed by the Motor Vehicle Department at the Inspection Lane at 8th Street and Bancroft Parkway in Wilmington. The acts for which the petitioner was indicted all relate to the improper performance by him of one or more of the duties with which he was charged by his employer.

▇▇ The petitioner is charged by two of the counts with both misfeasance and malfeasance in office. These are common law crimes not specifically, by statute, made crimes in Delaware but, by reason of 11 Del.C. § 105, they are carried into our law as common law crimes. State v. Seitz, 1 Terry 572, 14 A.2d 710; State v. Wallace, Del., 214 A.2d 886. The crimes are, respectively, the wrongful doing of some official act, and the wrongful doing of an unofficial act. In both instances the act must be accompanied by some evil intent or motive, or with such gross negligence as to be equivalent to fraud. State v. Seitz, supra; State v. Wallace, supra.

The argument of the petitioner is that indictments charging him with misconduct in office charge him with a crime he cannot commit because he is not a public officer. The State concedes that these common law crimes are applicable to public officers only. The status of the petitioner, therefore, is the central issue in the case.

▇▇ To be a public officer one must occupy a public office. The public office must give him tenure in office, the right to receive the fees and emoluments belonging to the office, the necessity of taking an oath of office, and the authority and duty to exercise some part of the sovereign power of the State. State ex rel. Biggs v. Corley, 6 W.W.Harr. 135, 172 A. 415; State ex rel. Green v. Glenn, 9 W.W.Harr. 584, 4 A.2d 366.

In the *Glenn* case it was held that the position of Secretary of the Department of Elections of Wilmington was not a public office, title to which could be tried by *quo warranto*. In Martin v. Trivitts, 9 Terry 368, 103 A.2d 779, it was held that the Secretary of the Department of Elections for Sussex County was not a public officer since no specific power or duties were conferred upon him by law. On the contrary, his duties were undefined by law and could be changed at will by the Department. It was accordingly held that the secretaryship was not a public office but a mere public employment.

The petitioner at bar was employed by the Motor Vehicle Department as an inspector under the authority of 21 Del.C. § 307, authorizing the hiring and discharging of such employees as are required to discharge the duties of the Department. Nowhere in any statute are the duties and authority of an inspector prescribed. An inspector has no statutorily established tenure. As far as the record discloses, he takes no oath of office, he receives a salary fixed by his employer, his duties are prescribed by his employer, and he exercises no part of the sovereign power of the State.

▇▇ Under the circumstances, we are of the opinion, applying the tests of the *Corley* and *Glenn* cases, that the position of inspector for the Motor Vehicle Department is a mere public employment and not a public office. It follows, therefore, that

---

* A fourth count charging attempted bribery was dismissed by the Superior Court. The three remaining counts were marked for trial after denial of the petitioner's motion to dismiss.

the indictments charging the petitioner with misfeasance and malfeasance in office charge him with a crime which it is impossible for him as a matter of law to commit.

Likewise, the indictment charging him with conspiracy to commit misfeasance in office, since the misfeasance was to be performed by him, charges him with conspiracy to commit a crime which he as a matter of law could not commit.

All three of the crimes charged against the petitioner could not as a matter of law have been committed by him. As to him, therefore, the indictments charge nonexistent offenses under the law of Delaware. That being the case, it follows that the Superior Court has no jurisdiction over the petitioner under the indictments. To allow the prosecution to continue would therefore be a futile waste of time, and should be ended now. Bennethum v. Superior Court, 2 Storey 92, 153 A.2d 200.

A Writ of Prohibition will issue prohibiting further prosecution of Criminal Actions 1060 and 1061.