William L. BENDER, Frank Lightcap, and Kenneth Lloyd, Defendants Below, Appellants,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

April 14, 1969.

Richard Allen Paul, Asst. Public Defender, Wilmington, for appellants.

Jerome O. Herlihy, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from a conviction of robbery and conspiracy to commit robbery. William L. Bender, Frank Lightcap and Kenneth Lloyd were jointly indicted, tried and convicted on the two charges. All three appeal. Basically, the question raised is the sufficiency of the State's evidence to support the convictions.

The State's case was as follows:

On June 28, 1967, at about 6:30 p. m., Eli Byler was walking with David Detweiler at Ninth and Shipley Streets in Wilmington. Byler was approached by Lloyd who asked for a cigarette and for money. Byler refused and started to walk away. At this point, Bender and Lightcap came up. Lloyd then threatened Byler with a glass bottle he had in his hand.

Byler began to run and was chased by the three defendants. He was caught from behind by Lightcap and was held from behind by more than one person. His wallet was taken from his pocket and money removed from it by Lloyd. Thereupon, all three defendants, Lightcap, Lloyd and Bender, fled the scene.

Appellants argue that there was insufficient evidence of robbery as to Bender to submit to the jury, and that there was no evidence as to conspiracy to commit robbery as to any of the appellants. Accordingly, they seek a reversal and a remand for new trial as to Lloyd and Lightcap on the robbery charge, and a judgment of acquittal as to Bender on the robbery charge, and as to all three on the conspiracy charge.

 We think, however, that under the evidence, the State proved without question that Byler was the victim of a robbery and that all three of the defendants participated in it. No other conclusion seems credible when it is considered that all were present when Byler was threatend by Lloyd. When Byler sought to flee, all three defendants pursued him. At least two of them held him from behind while, presumably, Lloyd removed his wallet. All three defendants then ran off together.

It is argued that the State's case against Bender does little more than place him at the scene, and that it does not make him more than an innocent bystander. We think to the contrary. His presence during the threat to Byler; his subsequent joining in the pursuit of him, and his ultimate flight after the taking of the money, are certainly inconsistent with his present contention that his presence was unwitting and innocent. Cf. Johnson v. State, Del., 215 A.2d 247.

With respect to the conspiracy charge, the State, of course, produced no evidence of a prior agreement among the defendants to commit this robbery. The State contends that the presence of the three defendants on the scene and their concerted action in committing the crime justify the conclusion that they had agreed among themselves.

A conspiracy is the combination of two or more persons to commit a crime. It is not necessary that there be a formal agreement in advance of the crime. The basic requirement is that there be an unlawful combination, and that the parties have a common design or purpose. If a person understands the unlawful nature of the acts taking place, and nevertheless assists in any manner in the carrying out of the common scheme, he thereupon becomes a conspirator to commit the offense. State v. Cole, 1 W.W. Harr. 279, 114 A. 201; State v. Biter, 10 Terry 503, 119 A.2d 894; State v. Wallace, Del.Super., 214 A.2d 886.

We think there is sufficient evidence of the joint participation in this crime of these defendants to warrant the inference that they had the common design or purpose of robbing Byler. The matter was therefore properly submitted to the jury which found them guilty.

The judgments below are affirmed.