IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        :

                       :      I.D. Nos. 1809014319, 1812000589

    v.                    :

                       :

RICARDO CASTRO,         :

                       :

    Defendant.       :

Submitted:  May 5, 2020
Decided:  May 20, 2020

## ORDER

Defendant's Motion for Judgment of Acquittal
*Denied.*

Gregory R. Babowal, Esquire of the Department of Justice, Dover, Delaware; attorney for the State.

Brian J. Chapman, Esquire of Law Office of Brian Chapman, Wilmington, Delaware and Robert Gamburg, Esquire (*pro hac vice*) of Gamburg & Benedetto, LLC, Philadelphia, Pennsylvania; attorneys for Defendant.

WITHAM, R. J.

## INTRODUCTION

Before the Court are Defendant's Motion for a Judgement of Acquittal, the State's Response in Opposition, Defendant's Brief in Support of the Motion for a Judgment of Acquittal, and the State's Response to the Brief.[1] The Court has carefully considered the parties' submissions, examined the applicable legal authority and reviewed the record of this case. For the reasons set forth below, Defendant's Motion is DENIED.

## FACTS AND PROCEDURE

1. Ricardo Castro, Defendant in this case, was charged in an indictment with Drug Dealing, Conspiracy in the Second Degree, and related charges.[2] A jury trial was held, which started on February 3, 2020 and ended on February 7, 2020.[3] After the conclusion of the evidence and before the jury commenced deliberations, Defendant requested the Court consider and grant a Motion for a Judgement of Acquittal, which was denied.[4] The jury found Defendant guilty of two counts of Drug Dealing and Conspiracy in the Second Degree for his conduct on May 1-2, 2018, and on May 11-12, 2018.[5] Defendant renewed his Motion on March 16, 2020.[6] In his Motion, Defendant claimed to not have received the full record of the trial and

---

[1] The Court views Defendant's Brief as a mistaken opportunity to amplify the earlier submission. The Court authorized a supplemental submission to address the fact that Defendant's counsel originally claimed he did not receive the full record of the trial. However, counsel later admitted to having the full record. Therefore, the Brief was not necessary.

[2] Defendant's Motion for Judgment of Acquittal ("Def. Mot") ¶ 1.

[3] *See Id.* at ¶ 2.

[4] *Id.* at ¶ 3.

[5] *Id.* at ¶ 4.

[6] *Id.* at ¶ 5.

reserved the right to supplement the Motion with briefing after the receipt of the transcript of the third day of the trial.[7]

## PARTIES' CONTENTIONS

2. Defendant claims that the evidence presented at the trial failed to prove that Defendant dealt drugs or conspired to deal drugs on the two dates for which he was convicted of these crimes.[8] Defendant further emphasizes that for one of the dates a witness testified that an exchange of money with Defendant took place, but no drugs were exchanged.[9] The State argues that enough evidence, including phone conversations and officers' testimony, was presented at the trial for the jury to conclude that Defendant conspired to deal drugs and dealt drugs on the dates in question.[10] Therefore, the State claims that, viewing the evidence in the light most favorable to the non-moving party, it is clear that the jury properly convicted Defendant.[11]

## STANDARD OF REVIEW

3. Superior Court Criminal Rule 29 governs a judgment of acquittal.[12] "The Court may enter a judgment of acquittal only if 'the evidence is insufficient to sustain a conviction.'"[13] The standard of review is "whether any rational trier of fact,

---

[7] *Id.* at ¶ 11. Defense counsel later contacted the Court and stated that the issue was resolved.

[8] Defendant's Motion for Judgment of Acquittal ("Def. Mot") ¶ 8.

[9] *Id.* at ¶ 9.

[10] State's Response to Defendant's Motion for Judgment of Acquittal ("St. Response") ¶ 8.

[11] *Id.* at ¶ 10.

[12] See Super. Ct. Crim. R. 29.

[13] *State v. Deputy*, 2019 WL 1504049 at *1 (Del. Super. April 4, 2019) (quoting Super. Ct. Crim. R. 29(a)).

viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt of all the elements of the crime."[14] The Court may consider the evidence "together with all legitimate inferences therefrom...from the point of view most favorable to the State."[15]

## DISCUSSION

4. The jury's function at a criminal trial is to "decide whether evidence presented at trial proves, beyond a reasonable doubt, that the defendant committed the charged crimes."[16] Delaware law provides that the State must prove beyond a reasonable doubt all elements of a crime, and if that burden is met a jury may render a verdict of guilty.[17] However, the review of the fact finder's factual conclusions is deferential because the fact finder is "responsible for determining witness credibility, resolving conflicts in testimony and for drawing any inferences from the proven facts."[18] Defendant is challenging his convictions of Drug Dealing and Conspiracy in the Second Degree. Drug Dealing is defined as manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance.[19] "A person is guilty of conspiracy in the second degree when, intending to promote or facilitate the commission of a felony, the person [a]grees with another person or persons...[to] engage in conduct constituting the felony or an attempt or

---

[14] *Id.*

[15] See *State v. Biter*, 119 A.2d 894, 898 (Del. Super. 1955).

[16] *Washington v. State*, 4 A.3d 375, 378 (Del. 2010).

[17] *Goddard v. State*, 382 A.2d 238, 241 (Del. 1977).

[18] *Stevens v. State*, 129 A.3d 206, 210 (Del. 2015) (quoting *Church v. State*, 2010 WL 5342963, at *1 (Del. Super. Dec. 22, 2010).

[19] 16 *Del. C.* § 4752 (a)(1).

4

solicitation to commit the felony..."[20] It is important to note that one person does not have to direct or control the other to be involved in a conspiracy under Delaware law.[21] "A conspiracy is the combination of two or more persons to commit a crime...[that does not require] a formal agreement in advance of the crime."[22]

5. In this case, one of the State's witnesses, Lamont McCove, testified that he engaged in numerous drug transactions with Defendant.[23] Mr. McCove admitted meeting with other individuals involved in his drug activities to collect money and later meeting Defendant to purchase the drugs, including cocaine.[24] Mr. McCove claimed that on the two days in question (May 1- 2, 2018, and May 11-12, 2018) he met with the same people, including Defendant, but he stated that no drug transactions occurred, even though he gave Defendant money on those days.[25] The jury could have inferred that Mr. McCove was actually conducting drug transactions on those days despite the fact that he stated he was only engaging in money transactions with Defendant because of the ongoing activities involving Mr. McCove and Defendant. Mr. McCove admitted to having drug transactions with Defendant. The jury had the right and opportunity to assess the credibility of Mr. McCove's testimony as a whole as well as the specific parts of the testimony.

6. Furthermore, Detective Lamon testified that Defendant was a supplier of cocaine.[26] Detective Lamon testified that on May 1, 2018, Mr. McCove

---

[20] 11 *Del. C.* § 512.

[21] *See Bender v. State*, 253 A.2d 686, 687 (Del. 1969).

[22] *Id.*

[23] *See* Trial Tr. Vol. C (Feb. 6, 2020) 6:22-23; 7:19-23.

[24] *Id.* at 10:22-11:23.

[25] *Id.* at 17:9-18:10; 19:8-20:16.
[26] *See* Trial Tr. Vol. A (Feb. 6, 2020) 31:17.

communicated with one of the individuals he admitted to selling drugs to about making a transaction.[27] Detective Lamon also testified that Mr. McCove met with his supplier on May 2, 2018, at the location Mr. McCove later admitted meeting Defendant for drug transactions.[28] Detective Lamon further testified that on May 2, 2018, Mr. McCove met with Defendant.[29] Detective Long also testified that he saw Defendant leaving his residence on May 2, 2018, and traveling towards Middletown, where Mr. McCove was working at the time.[30]

7. Additionally, Detective Lamon testified that on May 11, 2018, Mr. McCove communicated with two individuals about a drug transaction, which would require Mr. McCove to purchase drugs from a supplier.[31] Detective Levere testified that Mr. McCove met with Defendant on the morning of May 12, 2018 at Mr. McCove's job.[32] Detective Krogh also testified that Defendant met with Mr. McCove again later on May 12, 2018 at Defendant's residence where they had a brief interaction outside by their cars.[33] Detective Lamon later testified that Defendant met with the two individuals he communicated with on May 11, 2018,

---

[27] *Id.* at 84:19-85:3. This testimony was supported by the records of text messages and phone conversations presented at the trial.

[28] *Id.* at 93:19-23.

[29] *Id.* at 126:2-4.

[30] *See Id.* at 134:9-15.

[31] *Id.* at 144:1-4.

[32] Trial Tr. Vol. B (Feb. 5 2020) 32:12-18. Trial Transcript Volume B was mistakenly labeled as Volume C.

[33] *Id.* at 17:2-8. This testimony was supported by the surveillance footage.

soon after he left his residence.[34]

8. Therefore, given all the evidence presented to the jury, the jury's ability to make reasonable inferences from this aggregated information, and their ability to resolve conflicted testimony, the jury could reasonably find Defendant guilty of Drug Dealing and Conspiracy on May 1-2, 2018, and on May 11-12, 2018. The jury could reasonably conclude that Defendant engaged in delivering drugs to Mr. McCove. The jury also could reasonably conclude that Defendant agreed with Mr. McCove to participate in drug dealing on the two dates in question and committed an overt act in furtherance of that agreement.

## CONCLUSION

9. For the reasons mentioned above, Defendant's Motion for a Judgment of Acquittal is **DENIED.**

**IT IS SO ORDERED.**

_____
Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[34] *Id.* at 22:17-23. This testimony was supported by the records of text messages and phone conversations presented at the trial.