Causey, State Auditor, *v.* Phillips *et al.*

(In Banc.   Oct. 13, 1941.   Suggestion of Error Overruled Dec. 8, 1941.)

[4 So. (2d) 215.   No. 34606.]

**Richardson & Sanford,** of Philadelphia, and **W. W. Pierce,** of Jackson, for appellant.

**Watkins & Eager,** of Jackson, for appellees.

**Alexander, J.**, delivered the opinion of the court.

Appellant filed his bill against Joe B. Phillips and the surety upon his bond as Secretary of the State Board of Barber Examiners, for the alleged misapplication of funds of such board. The right of the State Auditor to bring the suit was challenged by demurrer and the bill dismissed pursuant thereto.

The State Auditor is "ex-officio the chief inspector and supervisor of public offices and public institutions." Code 1930, section 3747. This section was amended by Laws of 1938, ch..157, so as to add the following: "including all state boards and commissions handling public funds." Code 1930, section 3753, as amended by Laws 1938, ch. 157, authorizes the State Auditor as chief inspector "to examine into all of the financial affairs of every state office . . .," and "if such examination discloses any amount shown to be due the . . . state . . . or other body by any officer or employee . . ." the chief inspector, after notice, "shall institute the necessary proceedings . . . to recover any amounts shown to be due the . . . state . . . or other body by such officer or employee, . . ."

It may be interesting to follow the reasoning of appellant by which liability to suit is sought to be founded upon a classification of the Board of Barber Examiners as a "body" within the meaning of the act. So, a discussion may be undertaken as to the significance of the requirement in the amendement to the act creating this

board (ch. 176, Laws 1938), whereby power is given to the Governor in his discretion "from time to time to require an audit of the accounts of the board." We decide neither of these questions for the reason that the members of the Board of Barber Examiners are state officers, and their offices are state offices. See Adams v. Williams, 97 Miss. 113, 52 So. 865, 30 L. R. A. (N. S.) 855, Ann. Cas. 1912C, 1129, in which the treasurer of a board of levee commissioners was held to be such officer, and his bond an official bond.

The Board of Barber Examiners was created by the legislature under the police power of the state, and its purpose is to promote the health of the people of the state. Clark v. State, 169 Miss. 369, 152 So. 820. The organization and composition of the board are prescribed by the act; its members are appointed by the Governor for a period of four years and removable only for cause; the board is required to elect a president and a secretary. Whether the latter is a member of the board is not shown, but this is immaterial since in any event he would be either a public officer or employee. Moreover, the secretary is required to execute bond in a fixed amount payable to the state; all funds are to be deposited in a depository, as prescribed by Code 1930, section 7179, and as required of other state boards and institutions; it is integrated as to rules of health with the regulations prescribed by the State Board of Health; all of its records are made "public records" and as such "shall be open to public inspection at all reasonable times"; members of the board are authorized to "enter upon and inspect any barber shop or barber school at any time during business hours," Laws 1932, ch. 118, sec. 4; annual financial reports must be submitted to the Governor and to the State Auditor. Other regulations of and limitations upon its powers indicate that it exercises part of the sovereignty of the state, and that it is not a private body, with any independent control over its funds nor any private rights therein.

It is manifest, therefore, that the appellant has the right to maintain suit upon the bond of the secretary of the board. The demurrer to the bill ought to have been overruled.

Reversed and remanded.

DISSENTING OPINION.

**Anderson, J.**, delivered a dissenting opinion.

Appellant, Causey, the State Auditor, filed the bill in this case against Phillips and the Maryland Casualty Company, his surety, appellees, to recover an alleged shortage on the part of Phillips in his accounts as secretary of the State Board of Barber Examiners. He was required by the statute to give a bond for the faithful performance of his duties as such secretary, and complied with the requirement by giving the necessary bond with the Casualty Company as surety. The appellees demurred to the bill on the ground that the State Auditor had no authority under the law to bring the suit. The chancellor so held and we think correctly.

The state Board of Barber Examiners was organized under Chapter 86 of the Code of 1930. Sections 3863 and 3864 of that Chapter provide for the organization of the board. It consists of three members appointed by the Governor. The board elects a president. The organization is maintained and supported alone by fees collected from the barbers. No part of the support fund comes out of either the state or county treasury. The solution of the question depends on the meaning of Section 3 of Chapter 157 of the Laws of 1938. That chapter is an amendment of Sections 3747, 3748, and 3753 of the Code of 1930. The first paragraph of Section 3 of that Chapter, as amended, is in this language: "The chief inspector shall have power by himself or by any of his assistants to examine into all of the financial affairs of every state office, of every county office, of every board of supervisors, of every levee board, and of every public institution maintained in whole or in part by the state, or any county, as

aforesaid, and to examine fully into all of the financial affairs of every public office, public institution, of every levee district, including all of the financial affairs of the board of supervisors and especially all allowances and expenditures made by the board of supervisors and shall make such an examination only since January 1, 1932, and at least once every year thereafter.''

It will be observed that the auditor as chief inspector is given power to examine into all the financial affairs of every state office, of every county office, of every board of supervisors, of every levee board, and of every public institution *''maintained in whole or in part by the state, or any county.''* (Emphasis ours.) ''Maintained in whole or in part by the state, or any county,'' plainly means that the offices and institutions referred to must be such as are supported and maintained in whole or in part out of the public treasury. If this audit and suit is authorized by law then the State Auditor would have the same powers with reference to every other business organization in the state expressly provided for by statute and maintained alone by fees from their members. Such powers would extend to all public service corporations chartered under the laws of the state, as well as quasi public corporations such as the State Bar Association and others. To do the work the auditor would have to have a great horde of deputies.

The auditor can only sue for funds due the state, county and the other public institutions expressly set out in the statute.

The fact that the bond was payable to the state had nothing to do with the question. Under the law a bond payable to the state inures to the benefit of the purpose for which it was required.