OPINION OF THE JUSTICES OF THE SUPREME COURT IN RESPONSE TO A QUESTION PROPOUNDED BY THE GOVERNOR OF DELAWARE.

(*April* 5, 1963.)

To His Excellency Elbert N. Carvel.

Governor of Delaware:

Receipt is acknowledged of your letter of March 21, 1963, requesting the opinions of the members of this Court upon the following question:

"If, upon the expiration of twelve years from the date of the beginning of the term of Chief Justice or Associate Justice of the Supreme Court, no successor has been appointed and qualified, does the incumbnt hold over under the provisions of Article XV, Section 5, of the Constitution of Delaware?"

Article IV, Section 3, of the Constitution, *Del. C.*, provides in part as follows:

"The Justices of the Supreme Court, the Chancellor and the Vice-Chancellor or Vice-Chancellors, and the President Judge and Associate Judges of the Superior Court and of the Orphans' Court shall be appointed by the Governor, by and with the consent of a majority of all the Members elected to the Senate, for the term of twelve years each, and the persons so appointed shall enter upon the discharge of the duties of their respective offices upon

taking the oath of office prescribed by this Constitution. If a vacancy shall occur, by expiration of term or otherwise, at a time when the Senate shall not be in session, the Governor shall within thirty (30) days after the happening of any such vacancy convene the Senate for the purpose of confirming his appointment to fill said vacancy and the transaction of such other executive business as may come before it. Such vacancy shall be filled as aforesaid for the full term."

Article XV, Section 5 of the Constitution provides:

"All public officers shall hold their respective offices until their successors shall be duly qualified, except in cases herein otherwise provided."

In the case of the expiration of the term of a constitutional judge, does the Constitution otherwise provide?

The answer to this question depends upon the language of Section 3 of Article IV, above quoted, relating to the occurrence of a vacancy.

The language is:

"If a vacancy shall occur, *by expiration of term or otherwise,* at a time when the Senate shall not be in session," etc. (Emphasis supplied.)

The term "vacancy", as used in our Constitution in connection with public offices, ordinarily means "that the office is unoccupied and without an incumbent, who has a legal right to continue therein until the happening of some future event." There is ordinarily no "vacancy" on expiration of term because "Section 5 of Article 15 was apparently enacted for the very purpose of preventing a possible vacancy or interregnum in an office where there [is] not a properly qualified successor at the

expiration of the usual statutory term of such office." *State v. Caulk,* 3 W.W.Harr. 344, 351, 33 Del. 344, 351, 138 A. 354, 357.

This is the general rule. But we are of opinion that Section 3 of Article IV, above quoted, creates an exception to it. It is plain from the express language of this section that the expiration of the term of a constitutional judge is deemed to be a "vacancy". The inference, therefore, is that when the term of a constitutional judge expires his office is vacant.

This conclusion finds support in the provisions of Article III, Section 9, relating to the Governor's power of appointment. It provides in part:

"He shall have power to fill all vacancies that may happen during the recess of the Senate, in offices to which he may appoint, except in the offices of Chancellor, Chief Justice and Associate Judges, by granting Commissions which shall expire at the end of the next session of the Senate."

Upon reading together the above section and Section 3 of Article IV, it becomes plain that the offices of constitutional judges are governed by special provisions.

If a statutory office to which the Governor appoints becomes vacant while the Senate is not in session, the Governor may make an interim appointment; if the office of a constitutional judge becomes vacant, "by expiration of term or otherwise," the Governor may not make an interim appointment, but must convene the Senate. Both provisions evidently contemplate the avoidance, so far as possible, of an interregnum or period between the expiration of one term and the beginning of another. In the first case it is avoided by an interim appointment; in the second, by a prompt convening of the Senate. Of

course, in either case, if the Senate is in session, it is the Governor's duty to submit an appointment for confirmation.

We think that the distinction that we have found respecting the offices of constitutional judges has a reasonable basis in the problems of administering justice. If the expiration of the term or terms of the judges is definitely known, cases for trial or argument may ordinarily be scheduled so as to be concluded before such expiration. On the other hand, if the judges hold over, the dates of expiration of term may be uncertain, because of delay in the making of appointments or in the confirming of them. The result would be that the efficient scheduling of judicial business would become difficult.

■ It is the opinion of all the members of the Court that the terms of the constitutional judges named in Section 3 of Article IV expire at the end of the twelve-year term; and that the incumbents do not hold over until their successors are appointed and qualified.

> s/CLARENCE A. SOUTHERLAND
>   Chief Justice

> s/DANIEL F. WOLCOTT
>   Associate Justice

> s/CHARLES L. TERRY, Jr.
>   Associate Justice