Norman A. BARRON and Michael E. McLaughlin, Defendants Below, Appellants,

v.

Vivian K. KLEINMAN, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: Nov. 1, 1988.
Decided: Nov. 15, 1988.

John J. Polk (argued) Deputy Atty. Gen., Dept. of Justice, Wilmington, for appellants.

Randall S. Thomas–Peterhans (argued) and Matthew F. Boyer of Skadden, Arps, Slate, Meagher & Flom, Wilmington, for appellee.

Before CHRISTIE, C.J., MOORE and WALSH, JJ.

PER CURIAM:

In this appeal from the Superior Court, we are required to resolve the question of whether a justice of the peace may hold over after the expiration of a fixed term of office and continue to exercise the duties of office if after appointment by the Governor to a new term she fails Senate confirmation. The Superior Court ruled that the plaintiff below-appellee, Vivian K. Kleinman (Judge Kleinman) was entitled to retain her office in the absence of a qualified successor. We agree and affirm.

I

The proceedings in the Superior Court were in the nature of a declaratory judgment action on undisputed facts and resulted in a grant of judgment on the pleadings. On May 23, 1979, Judge Kleinman was appointed by the Governor, and later confirmed by the State Senate, to a four year term as justice of the peace for New Castle County. In May, 1983, she was reappointed for a second four year term and, again, confirmed by the Senate. This term expired on May 31, 1987, but after that date Judge Kleinman continued to exercise the duties of the office of justice of the peace as a holdover judge. On June 30, 1987, the Governor appointed Judge Kleinman to a third term and on the same day submitted her name to the Senate for confirmation. Later that day, the nomination was called for a vote in the Senate and defeated, receiving only seven of the eleven votes need-

ed for confirmation. On July 1, 1987, the defendants-appellees, Norman A. Barron and Michael E. McLaughlin, who were then, respectively, the Chief Magistrate and the Administrator of the Justice of the Peace Courts of the State of Delaware, advised Judge Kleinman that her holdover status was at an end. She was thereafter relieved of all judicial duties and removed from the State payroll.

In the Superior Court, and here, Judge Kleinman argued that her status as a holdover magistrate is unaltered by the Senate's rejection of her reappointment because, under Article XV, Section 5 of the Delaware Constitution,[1] she continues to hold office until a successor is "duly qualified." Since no other person was subsequently appointed or confirmed as her successor she claims the constitutional right to continue in office. The defendants, while acknowledging the general application of the holdover provision, contend that an incumbent who has been "rejected" by the Senate may not continue to serve in office. To hold otherwise, the defendants argue, does violence to the Senate's confirmation authority under the principle of separation of powers.

## II

Our consideration of this appeal requires that we examine both the nature of the vacancy created by the expiration of Judge Kleinman's term and the method for filling that vacancy within the contemplation of the Delaware Constitution. While the question of holdover status following failure of confirmation is a novel one under Delaware law, there is helpful Delaware precedent on related issues.

A justice of the peace is a public judicial officer whose office finds creation in the Delaware Constitution, which fixes the term of office at four years. *Del. Const.* art. IV, § 29. The power to appoint a person to the office of justice of the peace rests with the Governor, "by and with the

consent of a majority of all the Members elected to the Senate." *Del. Const.* art. IV, § 30. This power of appointment is deemed a general grant of power as opposed to a special grant of power to appoint, the latter being limited to lesser public offices and may be the subject of interim appointments. *State v. Stover,* Del. Supr., 159 A. 239, 244 (1932). Such "interim" or "recess" appointments may not extend beyond the end of the next legislative session, if confirmation is not effected. *State ex rel. Oberly v. Troise,* Del.Supr., 526 A.2d 898, 900 (1987).

The significance of Senate confirmation of an appointment made under the Governor's general power to appoint lies in the status which the appointee acquires at the expiration of the fixed term of office. Thus where an incumbent holds office after the expiration of a term under a general power of appointment he is viewed as a *de jure* officer subject to the holdover provisions of Article XV, Section 5. *Compare Del. Const.* art. XV, § 5 *with State v. Stover,* 159 A. at 241, 244.

On a previous occasion this Court examined the effect of the holdover provision on a vacancy in a judicial office and concluded that Article XV, Section 5 serves the purpose of preventing a vacancy following the expiration of a term of office:

The term "vacancy", as used in our Constitution in connection with public offices, ordinarily means "that the office is unoccupied and without an incumbent, who has a legal right to continue therein until the happening of some future event." There is ordinarily no "vacancy" on expiration of term because "Section 5 of Article 15 was apparently enacted for the very purpose of preventing a possible vacancy or interregnum in an office where there [is] not a properly qualified successor at the expiration of the usual statutory term of such office." *Opinion of the Justices,* Del.Supr., 189 A.2d 777,

1. § 5. **Officers to hold office until successors qualify.**
Section 5. All public officers shall hold their respective offices until their successors shall be duly qualified, except in cases herein otherwise provided. *Del. Const.* art. XV, § 5.

778 (1963) (quoting *State v. Caulk*, Del. Super, 138 A. 354, 357 (1927)).

While acknowledging the "general rule" which the holdover provision imparts, this Court in *Opinion of the Justices* determined that, as to the constitutional judges specifically named in Article III, Section 9, the incumbents could not holdover. *Opinion of the Justices*, 189 A.2d at 779 (*quoting Del. Const.* art. III, § 9).[2] In circumstances where no holdover is allowed, there are "special provisions" by which the Governor may convene the Senate, if necessary, so that the Senate may receive the Governor's appointment. Justices of the peace, although constitutional judges, are not among those judges specifically designated in Article III, Section 9. The omission appears to have been deliberate and consistent with the separate treatment of justices of the peace in the formulation of the Constitution. The distinction between justices of the peace and "high Judicial offices" made by the framers of the 1897 Constitution is illustrated by the following exchange in a discussion of Article III, Section 9:

> WILLIAM C. SPRUANCE: ... He [the Governor] shall have power to fill all vacancies that may happen during the recess of the Senate, in all offices to which he may appoint, excepting vacancies in the offices of Chancellor, Chief Justice and Associate Judges, by granting Commissions which shall expire at the end of the next session of the Senate.
> WILSON T. CAVENDER: I think it would be a very grave mistake if there were no provision there by which, in case of a vacancy in the office of justice of the peace, an appointment could be made without the necessity of calling the Senate in extra session for the making of such an appointment as that.
> WILLIAM C. SPRUANCE: Undoubtedly he would have that power under that provision. It was so contemplated in all appointed officers, where a vacancy occurred, except in high Judicial offices, and as to all others except those high offices he ought to have the power to fill them. He would fill them by issuing these commissions, and when the Senate would come in session he would make his nominations regularly.

3 *Constitutional Debates and Proceedings of the State of Delaware* 1972 (C. Guyer and E. Hardesty 1958).

■ The deliberate exclusion of justices of the peace from the list of constitutional judges which constitute the exceptions under Article III, Section 9 leads to the conclusion that justices of the peace are not "constitutional judges" for vacancy purposes, but fall within the classification of "public officer[s]" serving fixed terms. As such, the entitlement to holdover after the expiration of a four year term is controlled by Article XV, Section 5. Thus, in the absence of a qualified successor, justices of the peace, like other public officers, may continue in office at the expiration of their term of office.

### III

The defendants do not dispute the absence of a qualified successor to Judge Kleinman's office, but argue that the appointment process is a collaborative effort and, in the face of Senate rejection, cannot be validated under a separation of powers analysis. Although we agree that the appointment process implicates the doctrine of separation of powers to the extent that Senate confirmation is required before the Governor's power of appointment, to an office requiring confirmation, takes effect, such considerations do not control the question of holdover status. We are not required to apply general principles of constitutional law to resolve a question which the Constitution itself specifically addresses. If the language of the Constitution is clear and unequivocal there is no room for judicial construction. *Marker v. State*, Del. Supr., 450 A.2d 397, 399 (1982). We find the meaning of Article XV, Section 5 clear on its face on the issue of holdover status.

**2.** By later amendment to Article IV, Section 3 of the Constitution of the State of Delaware, the Justices of the Supreme Court, the Chancellor and the Vice Chancellors of the Court of Chancery, and the President Judge and Associate Judges of the Superior Court were accorded holdover status not to exceed 60 days beyond expiration of a term. 64 Del.Laws 179 (1983), (effective June 28, 1983).

Defendants also advance a public policy argument, *viz.*, that an incumbent office holder who fails to be confirmed no longer enjoys the public confidence, an important consideration in the case of a member of the judiciary. This Court's role as the interpreter of the Constitution does not permit us to choose public policy concerns over the clear intent of the Constitution. Disagreements between the other branches of government must be resolved through application of clear constitutional standards where those standards exist. To request that the Court act as a super-arbitrator to resolve policy disputes between separate branches of State government is to entangle the judiciary in a "political thicket" to the damage of all branches of government, including the judiciary. *State ex rel. Oberly v. Troise*, 526 A.2d at 905.

We hold that since the expiration of her term on May 31, 1987, Judge Kleinman has been a holdover justice of the peace entitled to discharge the duties of her office and to receive the pay and emoluments thereof. In the absence of death, resignation, or removal her status as a justice of the peace will continue until her successor is duly qualified. The judgment of the Superior Court is accordingly AFFIRMED.