**OPINION OF THE JUSTICES.**

**No. 266, 1995.**

Supreme Court of Delaware.

Submitted: Dec. 5, 1995.
Decided: Dec. 20, 1995.

Henry N. Herndon, Jr. (argued), and Barbara MacDonald of Morris, James, Hitchens & Williams, Wilmington.

Harold Schmittinger and Noel E. Primos (argued), of Schmittinger & Rodriguez, P.A., Dover.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT and BERGER, JJ.

IN RE: REQUEST BY THE 138TH GENERAL ASSEMBLY FOR AN ADVISORY OPINION

To SENATOR RICHARD S. CORDREY, President Pro Tempore of the Senate, and REPRESENTATIVE TERRY R. SPENCE, Speaker of the House of Representatives:

The General Assembly has requested an Opinion of the Justices concerning the proper construction of Article XV, § 5 of the Constitution of the State of Delaware. The text of the concurrent resolution reads, in pertinent part, as follows:

> BE IT RESOLVED by the Senate of the 138th General Assembly of the State of Delaware, the House of Representatives concurring therein, that the General Assembly hereby requests an Opinion of the Supreme Court as to whether or not board and commission members appointed under Titles 23 and 24 are "public officers" for the purposes of Article XV, § 5.

### Jurisdiction

■ The Justices of this Court are authorized to give advisory opinions on questions "touching the proper construction of any provision in the Constitution of this State," when requested to do so by a resolution of a majority of the members of the General Assembly. 10 *Del.C.* § 141(a) (Supp.1994). Opinions of the Justices of the Supreme Court are limited to questions of law. *Opinion of the Justices*, Del.Supr., 382 A.2d 1364, 1366 (1978).

### Question Presented
### Appointment of Counsel

The Justices accepted the General Assembly's request and framed the legal question which is the subject of their advisory opinion, as follows:

> Are board and commission members appointed under Titles 23 and 24 of the Delaware Code "public officers" for the purposes of Article XV, § 5 of the Constitution of the State of Delaware?

The Justices then appointed Henry N. Herndon, Jr., Esquire, of Morris, James, Hitchens

& Williams, and Harold Schmittinger, Esquire, of Schmittinger & Rodriguez, P.A., to take adversary positions with respect to the question presented. 10 *Del.C.* § 141(b) (Supp.1994). Mr. Herndon was asked to take the affirmative position. Mr. Schmittinger was asked to take the negative position. Appearing with Mr. Herndon was Barbara MacDonald, Esquire. Appearing with Mr. Schmittinger was Noel E. Primos, Esquire. All counsel participated *pro bono publico.* The Court is grateful to each of them for the valuable service they have rendered, in accordance with the highest traditions of the Delaware Bar.

### Article XV § 5
### History and Purpose

■ Article XV, § 5 of the Delaware Constitution provides that "[a]ll public officers shall hold their respective offices until their successors shall be duly qualified, except in cases herein otherwise provided." No other provision of the Delaware Constitution affects the ability of members of statutorily created boards or commissions to hold over in office. Article XV, § 5 applies to those public offices created by statute as well as those established by the Constitution itself. *Opinion of the Justices*, Del.Supr., 305 A.2d 607 (1973); *State ex rel. Southerland v. Caulk*, 33 Del. 344, 138 A. 354, 356–57 (1927).

■ Delaware adopted a general "holding over" provision for the first time[1] as part of Miscellaneous Article XV in its 1897 Constitution.[2] Del. Const. art. XV § 5. "The purpose of a holding over provision is to prevent a possible vacancy or interregnum in a public office ... so that the public business will not be interrupted or subjected to doubt or dispute." *Walker v. Hughes*, 42 Del. 447, 36 A.2d 47, 50 (1944). "Section 5 of [A]rticle 15 was apparently enacted for the very purpose of preventing a possible vacancy or interregnum in an office where there was not a properly qualified successor at the expiration of the usual statutory term of such office." *State ex rel. Southerland v. Caulk*, 33 Del. 344, 138 A. 354, 355 (1927). *Accord Barron v. Kleinman*, Del.Supr., 550 A.2d 324, 325 (1988); *State ex rel. Gebelein v. Killen*, Del. Supr., 454 A.2d 737, 748 (1982).

If the members of boards and commissions appointed, pursuant to Titles 23 and 24 of the *Delaware Code*, are not permitted to hold over, causing vacancies among the members, the result is an interruption in the capacity of the body to convene a quorum or to garner the number of affirmative votes to conduct business. Most of the governing statutes for the boards and commissions in Titles 23 and 24 provide that a majority of their members constitutes a quorum.[3] In requesting our opinion, the General Assembly expressed its concern that certain requirements[4] of the

1. Delaware's previous constitutions contained no counterpart. The Schedule of the Constitution of 1831 does provide that the terms of the sheriffs and coroners of each county be extended to certain dates, and that they are to hold office thereafter "until successors to them respectively be duly qualified." Del. Const. 1831, Sched. § 2. This provision apparently was intended to avoid a vacancy in these offices as a result of the adoption of the new constitution.

2. 4 C. Guyer and E. Hardesty, *Debates and Proceedings of the Constitutional Convention of the State of Delaware* 2615 (referred to Committee of the Whole), 2677 (provision adopted by Committee of the Whole), 2811 (referred to in debate of Article IV on the judiciary and the removal of incumbents), 2967 (Article XV, § 5 adopted in convention) (1958).

3. Some require the affirmative vote of a specified number of members (usually a majority of all members) for all or certain of their actions. For instance, 24 *Del.C.* § 204(c), respecting landscape architects, provides that "no action shall

be taken without the affirmative vote of at least 3 [of 5] members" while § 1712(b), respecting the Board of Medical Practice, requires the presence of 9 of 16 members to make up a quorum and the affirmative vote of at least 7 to take action. *See also* 24 *Del.C.* §§ 305(b), 504(c), 703(c), 1104(b), 2006(c), 2519, 3006(c), 3905(c).

4. The General Assembly has also provided *by statute*, in some instances, that Title 24 board or commission members shall not hold over and that instead:

Each term of office shall expire on the date specified in the appointment, and the member shall no longer be eligible to participate in Board proceedings unless lawfully appointed.

*See, e.g.,* 24 *Del.C.* §§ 304(b) (Board of Architects); 503(b) (Board of Podiatry); 702(b) (Board of Chiropractic); 3304(b) (Board of Veterinary Medicine); 3712(d) (Board of Examiners of Speech/Language Pathologists); 3904(b) (Board of Social Work Examiners). If members of these boards or commissions are public officers, the provisions like the one quoted above would be in

Joint Sunset Committee regarding board and commission members not holding over may be in conflict with Article XV § 5 of the Delaware Constitution.

## General Rule
## Public Officers

The members of the Title 23 and 24 regulatory boards or commissions will hold over if they are "public officers," as that phrase is used in Article XV, § 5. Title 23 *Del.C.* §§ 100–138 establishes the Board of Pilot Commissioners, which licenses and regulates the State's Delaware River and Bay pilots. Title 24 establishes other boards and commissions charged with the oversight of various professions and occupations.

Those courts and authorities which have considered the issue have decided that, in general, board or commission members are public officers.[5] Delaware has recognized and followed that general rule:

> Members of boards or commissions in this State, unless provided for otherwise by legislation, are not employees in the usual sense of the word.... Historically they have been regarded as public officers and not public employees.

*Wharton v. Everett,* Del.Super., 229 A.2d 492, 494 (1967), *aff'd,* 238 A.2d 839 (1968). This Court has determined that a member of the former Board of Fish and Game Commissioners occupied an office under the State for purposes of Article II, § 14 of the Delaware Constitution. *See State ex rel. Biggs v. Corley,* 36 Del. 135, 172 A. 415 (1934).

## Question Presented
## Public Officers Criteria

■ No single definition will dispositively identify who is a "public officer," as that term is used in several separate sections of the Delaware Constitution.[6] In determining who is a public officer, this Court has identified four non-exclusive criteria which are most frequently indicative of a public office: (1) the exercise of some portion of the State's sovereign power, (2) tenure in office, (3) fees and emoluments, and (4) oaths of office. *Opinion of the Justices,* Del.Supr., 245 A.2d 172, 174 n. 2 (1968).[7] The professional licensing boards created by Titles 23 and 24 meet most, and in some cases all, of these four criteria.

First, the Title 23 and 24 boards or commissions each exercise a portion of the State's sovereign power through their authority to examine, to license or certify, and to discipline the members of the respective professions. This Court has observed:

> If the imposition [of a license requirement] has for its primary object the discouragement of dangerous employments, the protection of the safety of the public, or of citizens, or the regulation of relative rights, privileges or duties as between individuals, then the legislation may fairly be regarded as an exercise of the police power for the public welfare.

*Conard v. State,* 41 Del. 107, 16 A.2d 121, 125 (1940). All of the professional licensing

---

conflict with Article XV, § 5. Therefore, such a provision would be unconstitutional and ineffective. *See State ex rel James v. Schorr,* 45 Del. 18, 65 A.2d 810, 812 (1949).

5. *See* 63 Am.Jur.2d, *Public Officers and Employees* § 21 (1984); *Vander Linden v. Crews,* Iowa Supr., 205 N.W.2d 686, 688 (1973); *Causey v. Phillips,* 191 Miss. 891, 4 So.2d 215, 216 (1941); *Tudesque v. New Mexico State Board of Barber Examiners,* 65 N.M. 42, 331 P.2d 1104, 1106 (1958).

6. Accordingly, we note that the General Assembly has not sought an Opinion of the Justices regarding whether the members of Title 23 and 24 boards or commissions are holders of public offices under any other provisions of the Constitution, *e.g.,* Article II, § 14 (dual office holding), Article XV, § 2 (providing receipt for payment of

fees) or Article XV, § 4 (changes in duration or emoluments of office).

7. This Court has observed:

> Generally speaking, and each case must necessarily depend on its own facts, a state office embraces the right to exercise a state function or employment, and to take the fees and emoluments belonging thereto. It not only involves the conception of tenure, power, duration, oath, fees and emoluments but also the authority and duty to exercise some part of the sovereign power of the state either in making, administering or executing the laws of the State. *State ex rel. Biggs v. Corley,* 36 Del. 135, 172 A. 415, 419 (1934). *See also Opinion of the Justices,* Del.Supr., 245 A.2d 172, 174, n. 2 (1968). *Accord Raduszewski v. Superior Court,* Del.Supr., 232 A.2d 95, 96 (1967).

boards and commissions of Titles 23 and 24 meet this criterion. Consequently, all Title 23 and 24 boards or commissions exercise some portion of the sovereign power of the State.[8]

Second, the members of all the twenty-nine boards and commissions in question are appointed to serve for a statutorily stated term of years. The tenures vary in length, but all board members are appointed for definite terms. Consequently, the criteria of "tenure" and "duration" also are met for all of the boards or commissions.

Third, with the single exception of the Board of Pilot Commissioners, the statutes regarding each of the professional licensing boards provides that the members will receive a fee for their service.[9] The sums are nominal. Nevertheless, the payments are "fees" pertaining to the respective board or commission members "offices."

For the most part, members are entitled to receive not more than $500 per year.[10] Article III, § 9 of the Delaware Constitution of 1897 concerning the Governor's power to appoint "officers," provides that Senate confirmation of such appointments is required only when "the salary, fees and emoluments of office shall exceed the sum of five hundred dollars annually." The $500 limit itself is indicative that the members of these boards are "officers."

Finally, several of the governing statutes require the professional licensing board or commission members to take such an oath of office.[11] The presence of an oath requirement may be helpful in a close case to decide whether a particular position is an office. The absence of an oath requirement, however, does not negate "public officer" status which is otherwise clearly conferred. *State ex rel. Green v. Glenn*, 39 Del. 584, 4 A.2d 366, 367 (1939). The oath is considered a "mere incident" of the office.

## Conclusion
### Affirmative Answer

Each member of a board or commission appointed, pursuant to Title 23 or 24 of the *Delaware Code*, possesses the essential characteristics of a public officer. The members of these boards or commissions are authorized by statute to exercise part of the sovereign powers of the State. In discharging the responsibility of licensing various professions, those boards or commissions promote the public health, safety and welfare. Titles 23 and 24 also confer tenure, as well as some or all of the other criteria which are characteristic of public office, upon the members of the various boards or commissions.

Each Justice of this Court has concluded that the members of the Title 23 and 24 boards or commissions are all "public officers" as that term is used in Article XV, § 5.

8. The governing statutes of twenty-two boards or commissions created by Title 23 and 24 expressly state that their purpose is to protect the public, or its health, safety or welfare. 23 *Del.C.* § 100; 24 *Del.C.* §§ 200, 301, 500, 700, 1400, 1601, 1701, 1901, 2001, 2501, 2601, 2802, 3001, 3100, 3300, 3701, 3801, 3901, 5100, 5200, 5302. The boards and commissions with no express statement of purpose are: Accountants (24 *Del.C.* ch. 1), Dentists and Dental Hygienists (ch. 11), Private Detectives (ch. 13), Optometrists (ch. 21), Professional Land Surveyors (ch. 27), Real Estate Brokers and Salespersons (ch. 29), Psychologists (ch. 35), and Geologists (ch. 36). Where a directive to serve the public welfare is not expressly stated in the enabling statute, it is implicit in the grant to the boards or commissions of the powers to determine qualifications to practice a profession.

9. The members of the Board of Pilot Commissioners only receive reimbursement for expenses. 23 *Del.C.* § 106.

10. 24 *Del.C.* §§ 104, 203(h), 304(f), 503(h), 702(h), 1307, 1404, 2005(g), 2507, 2603(f), 2704, 2902(h), 3005(e), 3103(h), 3304(h), 3503, 3603(h), 3713, 3803(d), 3904(h), 5104(i), and 5202(g). The members of the Commission on Adult Entertainment Establishments and the members of the Boards of Dental Examiners, Medical Practice, and Examiners in Optometry are not expressly capped at $500 per year (24 *Del.C.* § 1105, 1603(e), 1713, 2105), and the members of the Board of Nursing and the Council of the Association of Professional Engineers receive a statutorily unspecified fee (24 *Del.C.* §§ 1904(e) and 2814(5)).

11. An oath is required of members of the Boards of Pilot Commissioners (23 *Del.C.* § 101(d)), Examiners in Optometry (24 *Del.C.* § 2102(f)), Pharmacy (24 *Del.C.* § 2503(c)), Professional Land Surveyors (24 *Del.C.* § 2702(i)) and the Real Estate Commission (24 *Del.C.* § 2902(f)).

Respectfully Submitted,

/s/ E. Norman Veasey
E. NORMAN VEASEY
Chief Justice

/s/ Joseph T. Walsh
JOSEPH T. WALSH

/s/ Randy J. Holland
RANDY J. HOLLAND

/s/ Maurice A. Hartnett, III
MAURICE A. HARTNETT, III

/s/ Carolyn Berger
CAROLYN BERGER
Justices