**In re Request of the GOVERNOR FOR an OPINION OF the JUSTICES.**

No. 320, 2010.

Supreme Court of Delaware.

Submitted: May 28, 2010.
Decided: July 9, 2010.

---

William J. Wade, Gregory P. Williams, Todd A. Coomes, and Elizabeth R. He, Richards, Layton & Finger, P.A., Wilmington, Delaware, for a Negative Response.

Lawrence W. Lewis, State Solicitor, Judy Oken Hodas, and Thomas E. Brown, Department of Justice, Wilmington, Delaware for an Affirmative Response.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices.

To The Honorable Jack Markell, Governor of the State of Delaware:

We respond to your May 28, 2010 letter requesting our opinions whether you may serve on the National Assessment Governing Board without effectively resigning the office of Governor of the State of Delaware, under Article III, Section 11 of the Delaware Constitution of 1897, which proscribes your accepting an "office under the United States."[1] The Federal Secretary of Education has appointed you to the Governing Board, which advises the Federal Commissioner of Education Statistics on procedures to collect and disseminate national academic performance data. Because the President did not nominate you for a position requiring the United States Senate's advice and consent, and the Governing Board's function is to provide advice independently from the Education Secretary, we answer in the affirmative.

## ORIGIN OF THE QUESTION

The Education Secretary appointed you to the Governing Board and, driven by your desire to accept the appointment, you requested our opinions on whether the De-

---

1. We have recharacterized the advocates' position and restated your original question, which read:

Is service on the National Assessment Governing Board the acceptance of an "office under the United States" under Article III, Section 11 of the Delaware Constitution of 1897 and, if so, would my service on the Governing Board operate as a resignation of my service in the office of Governor of the State of Delaware?

laware Constitution mandates that you would effectively resign your position as Governor by serving on the Governing Board.[2] Following receipt of your letter, we requested opening and answering briefs from the State Solicitor's office, which has advocated for an affirmative response; and from William Wade of the Richards, Layton & Finger law firm, which has advocated for a negative response.[3] We appreciate Mr. Wade, as well as his colleagues Gregory Williams, Todd Coomes, and Elizabeth He, for their timely and helpful service *pro bono publico*.

The Governing Board advises the Statistics Commissioner on the guidelines for carrying out the National Assessment of Educational Progress.[4] The Governing Board must select subject areas, determine achievement levels and objectives, design the National Assessment methodology and review process of the National Assessment, and develop standards for regional comparisons and guidelines for disseminating results.[5] The Governing Board also reviews complaints with the Statistics Commissioner, and forwards meritorious complaints to the Education Secretary for reporting to the House Committee on Education and the Workforce, and to the Chairman of the Senate Committee on Health, Education, Labor, and Pensions.[6]

The Education Secretary must appoint a diverse, statutorily defined group of practitioners and interested persons to the Governing Board.[7] Governing Board members serve staggered terms of no more than four years,[8] and act independently from the Education Secretary.[9] Governing Board members must take an oath of office, and may receive a $100 daily stipend and travel expense reimbursement.[10]

---

**2.** Letter from the Governor to the Justices, dated May 28, 2010, at 1–2. "Given my interest in ensuring that our students have access to a quality education, I would like to accept Secretary Duncan's invitation."

**3.** 10 *Del. C.* § 141(b). "The Justices of the Supreme Court may appoint 1 or more members of the Delaware Bar, duly qualified to practice before said Court, for the purpose of briefing or arguing the legal issues submitted by the Governor or General Assembly." We characterize counsels' respective positions based on our restated question.

**4.** 20 U.S.C. §§ 9621–9622.

**5.** 20 U.S.C. § 9621(e)(1).

**6.** 20 U.S.C. § 9622(c)(2).

**7.** 20 U.S.C. § 9621(b)(1). The Governing Board shall consist of two current or former governors from different political parties, two state legislators from different political parties, two chief state school officers, one local educational superintendent, one state board of education member, one local board of education member, three classroom teachers from the grades that the National Assessment surveys, one business or industry representative, two curriculum specialists, three testing and measurement experts, one nonpublic school administrator or policymaker, one elementary and one secondary school principal, two parents who are not employed by a state or Federal educational agency, and two members of the general public who are not employed by a state or Federal educational agency.

**8.** 20 U.S.C. § 9621(c)(1).

**9.** 20 U.S.C. § 9621(f)(1). "In the exercise of its responsibilities, the Assessment Board shall be independent of the Secretary and the other offices and officers of the Department."

**10.** The oath reads, "I, Jack Markell, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God." In your letter, you have offered to forego the stipend and travel reimbursement if that affects our Constitutional analysis.

The National Assessment, essentially the nation's educational report card, seeks to collect and disseminate unbiased, educational data to support policymakers, educators, and the media.[11] Students, local agencies, and states participate voluntarily, except in biennial fourth and eighth grade reading and mathematics assessment for which the Education Secretary shall enter into an agreement with each state that receives Title I funds.[12]

## AUTHORITY AND REVIEW

 We have discretion—that we have chosen to exercise—to jointly or separately advise the Governor or either House of the General Assembly on constitutional or statutory interpretations required to discharge their duties.[13] Because the Justices' opinions arise under statutory authority, without any case or controversy, they do not bind future litigation.[14] In formulating our opinion, we review your letter, counsel's briefs, and our own research without limitation.

## OPINION

 You have submitted your request for the Justices' opinions because the Dela-

ware Constitution, Article III, Section 11, prevents the Governor from also holding "an office of the United States."[15] That service would operate to effectively resign your governorship.[16] We must consider whether, by advising on procedures to assemble and disseminate the National Assessment, the Governing Board constitutes "an office of the United States." We focus primarily on whether, in holding both positions, you might face a conflict in exercising Delaware and the United States sovereign authorities.[17]

In earlier opinions, we identified several factors to determine whether service in state positions would unconstitutionally overlap with another state position.[18] Similarly, we have relied on Federal law to determine whether a Federal position constitutes a Federal "office." In our *1994 Opinion*, we held that the National Railroad Passenger Corporation (Amtrak) Board of Directors does not constitute a Federal office. The authorizing statute expressly states that Amtrak is not "an agency, instrumentality, authority, entity, or establishment of the United States Government."[19] Rather, as the United States Supreme Court held, Amtrak is a "nongovernmental corporation."[20]

11. 20 U.S.C. § 9622(b); National Assessment Governing Board—Who We Are—Overview, http://www.nagb.org/who-we-are/overview.htm.

12. 20 U.S.C. §§ 6311(c)(2), 9622(d).

13. 10 *Del. C.* § 141; 29 *Del. C.* § 2102. *In re Request of Governor for an Advisory Opinion,* 722 A.2d 307, 309 (Del.1998) (citing *State ex. rel. Biggs v. Corley,* 172 A. 415, 419 (Del. 1934)).

14. *1998 Opinion,* 722 A.2d at 309 (citing *In re Opinion of the Justices,* 413 A.2d 1245 (1980)).

15. *In re: Opinion of the Justices,* 647 A.2d 1104, 1108 (Del.1994).

16. *Id.* at 1105.

17. *See 1994 Opinion,* 647 A.2d at 1107 (discussing Delaware's concern with conflict between authority under the 1792 Delaware Constitution and the 1787 United States Constitution).

18. *See, e.g. Biggs,* 172 A. at 419 (holding that a Fish and Game Commissioner position constituted an office); *1998 Opinion,* 722 A.2d at 311 (holding that a State Trooper position constituted an office); *In re Opinion of the Justices,* 672 A.2d 4, 7 (Del.1995) (citing *In re Opinion of the Justices,* 245 A.2d 172, 174 n. 2 (Del.1968)) (holding that board or commission positions appointed pursuant to 23 or 24 *Del. C.* constituted offices).

19. 45 U.S.C. § 541.

20. *National RR Passenger Corp. v. Atchison, Topeka & Santa Fe Ry. Co.,* 470 U.S. 451, 470, 105 S.Ct. 1441, 84 L.Ed.2d 432 (1985).

■ In *Biggs v. Corley*, we identified five factors indicating that a public employment/service is a public "office:" 1) the exercise of some portion of the State's (or other government entity's) sovereign power;[21] 2) tenure in office; 3) Fees and emoluments; 4) oaths in office; and 5) the powers and duties of position.[22] The list is non-exclusive, and is a guideline for judicial analysis.[23] Both sides agree that factors two through five are present, and that the determination of whether the position requires the exercise of sovereign power is determinative in this case.

Nevertheless, we continue our past practice of analyzing the status of Federal positions under Federal law. This practice appropriately defers to the United States, when determining which positions can and will exercise Federal sovereign power. Congress and the United States Supreme Court are best positioned to empower and delimit Federal sovereignty and employment. Likewise, we would expect similar deference, and rely on our opinions and the General Assembly's official actions regarding Delaware state employees' duties and authority.

The United States Supreme Court has described positions in the Federal Government in terms of (1) principal and (2) inferior offices, which exercise Federal sovereignty, and (3) employment, which does not exercise Federal sovereignty.[24] The President nominates, and the Senate provides advice and consent, when filling a principal office.[25] Department heads may appoint, and must supervise, inferior offices.[26]

The President did not nominate, and the Senate will not provide advice and consent to confirm you, before you join the Governing Board. The Education Secretary appointed you to the Governing Board, but cannot supervise the Governing Board.[27] The Governing Board, therefore, falls outside of the United States Supreme Court's description of a principal or inferior office. Governing Board positions would therefore constitute mere "employment" within the Federal government.

Turning to the Federal Advisory Committee Act, we find that the Governing Board meets the definition of an "advisory committee."[28] Under FACA, an "advisory committee" is any "committee, board, commission, council, conference, panel, task force, or other similar group, ... which is ... utilized by one or more agencies, in the interest of obtaining advice or recom-

Counsel for the affirmative note that the Justices looked to Federal statutes to determine whether membership on Amtrak's board constituted an "office." As stated above, Amtrak *is a private, for-profit company and the Federal statute at issue specifically provided that Amtrak is not "an agency, instrumentality, authority, or entity, or establishment of the United States Government."* Accordingly, the facts of this case are distinguishable.

**21.** Among the factors, this one is the most important, and must be present in an "office." *In re: Request of the Governor for an Advisory Opinion,* 722 A.2d 307, 311 (Del. 1998) ("*1998 Opinion* ").

**22.** *Biggs v. Corley,* 172 A. 415, 419 (Del.1934); *see also 1998 Opinion,* 722 A.2d at 311.

**23.** *1998 Opinion,* 722 A.2d at 311.

**24.** *Morrison v. Olson,* 487 U.S. 654, 671, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988) (discussing the Appointments Clause, U.S. Const. art. II, s.2, cl. 2).

**25.** *Id.*

**26.** *Edmond v. U.S.,* 520 U.S. 651, 663, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997) (stating that " 'inferior officers' are officers whose work is directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate").

**27.** 20 U.S.C. § 9621(f)(1).

**28.** 5 U.S.C. app. (2001).

mendations." [29] Congress requires and limits the Governing Board to advise the Statistics Commissioner on executing the National Assessment. We agree with the Ohio Supreme Court's pronouncement that a state commission created to "find[ ] facts, assist[ ] in the formulation of plans and the making of recommendations . . . cannot be said to constitute the exercise of sovereign powers." [30] As an advisory committee, the Governing Board does not—and statutorily cannot—exercise Federal sovereign power. Therefore, your acceptance of the appointment to the National Assessment Governing Board will not operate as a resignation of your service in the Office of Governor of the State of Delaware.

The foregoing represents the Justices' unanimous response to your question in the affirmative.

Respectfully submitted,

/s/ Myron T. Steele
Chief Justice Myron T. Steele

/s/ Randy J. Holland
Justice Randy J. Holland

/s/ Carolyn Berger
Justice Carolyn Berger

/s/ Jack B. Jacobs
Justice Jack B. Jacobs

/s/ Henry duPont Ridgely
Justice Henry duPont Ridgely

---

29. 5 U.S.C. app. 3(2)(c) (2001).

30. *State ex rel. Herbert v. Ferguson,* 142 Ohio St. 496, 52 N.E.2d 980, 983 (1944).